## CHAMBERLAIN ET AL. *v.* REID.

CONTINUANCE.—*Sufficiency of Affidavit.*—An affidavit for a continuance, filed on behalf of defendants, on the ground of the absence of a defendant who was also a witness, showing that he was not present at the calling of the cause, but not showing that he would not or could not be present at and during the trial, or that any diligence had been used by himself or his codefendants to secure his attendance, and giving no reason for his absence, was insufficient.

SURPRISE.—A party cannot claim that he has been surprised by evidence that has been legally and properly given under the issues formed in a cause. He must be held to know what evidence may be given under the issues formed, and must be prepared to meet it.

From the Floyd Circuit Court.

*G. V. Howk, W. W. Tuley,* and *M. C. Kerr,* for appellants.
*A. Dowling,* for appellee.

PETTIT, J.—This suit was brought by the appellee, John M. Reid, against Jacob G. Chamberlain, William Mathers, Gustavus Ricker, and Edward W. Stephens, on a contract for.

furnishing the materials and constructing certain sections of the Louisville, New Albany, and St. Louis Air Line Railroad.

The answer was, 1. The general denial. 2. Payment in full. Reply in denial.

The case was dismissed as to Ricker. Trial by the court, finding for the plaintiff against Chamberlain and Mathers, and on account of bankruptcy, and by consent of the parties, there was finding and judgment for Stephens.

Over a motion for a new trial by Chamberlain and Mathers, there was judgment against them on the finding for fourteen thousand eight hundred dollars.

There is no question raised on the pleadings. Overruling the motion for a new trial presents the only question. On the calling of the cause for trial, the defendants moved for a continuance, and filed and presented the following affidavit in support of the motion:

" George V. Howk, on behalf of the defendants in this action, makes oath and says that he is one of the attorneys of the defendants herein, and as such has had the management of the defence of this action; that, as affiant believes, the defendants cannot safely try this action without the personal presence and testimony of the defendant William Mathers at such trial; that the said William Mathers acted for and on behalf of the defendants herein during the progress of the work in plaintiff's complaint mentioned, and was, and is now, more fully cognizant of all the matters in controversy in this action than either of his co-defendants; that for this reason his personal presence in court during the progress of the trial, for the purpose of consultation, suggestion, and advice, was and is absolutely indispensable to the defendants' attorneys, and to secure the defendants in a full, fair, and safe trial of this action; that the said William Mathers is also and will be a material witness for the defendants on the trial of this action; that affiant believes the said William Mathers, as such witness, will prove that after the plaintiff had performed his contract as stated in his complaint, and after a final estimate of his said work was made by engineers Charles W. Boyden and John

M. Bullock, on or about the 29th day of September, 1871, showing a balance then due the plaintiff from the defendants under said contract, in money and bonds, of thirteen thousand nine hundred and sixty-five dollars and fifty-six cents, a controversy arose between the defendants and the plaintiff about the correctness of said final estimate; that in settlement of said controversy, and as a compromise thereof, it was then agreed between the plaintiff and the defendants that the plaintiff's work under said contract should be remeasured by other engineers, to be selected for that purpose; that such remeasurement should be final, and both the plaintiff and the defendants would agree to and abide by it; that, accordingly, E. B. Cozzens and W. L. Brigdon were selected as such engineers to make such remeasurement of said work, so made as aforesaid; after making the plaintiff all proper and reasonable allowances, there was found to be due the plaintiff from the defendants, under said contract, in money and bonds, no greater sum than the sum of three thousand five hundred dollars; and that the defendants were ready and willing to pay, and, in fact, offered to pay the plaintiff the sum of three thousand five hundred dollars so found due him from the defendants as aforesaid by the said remeasurement of said work; that affiant and the defendants believe the said facts, above recited as to be proved by said William Mathers as such witness, to be true; that the defendants cannot prove the said facts by any other witness, whose testimony can be as readily procured; that the said William Mathers resides near Mount Vernon, Columbiana county, Ohio; that the defendants believe they can procure his testimony and his personal presence in court at the trial of this cause by the next term of this court; that when this action was called for trial in its order, on the 7th day of the present term, to wit, on the 24th day of November, 1873, the said William Mathers was not present in court; that, as affiant is informed and verily believes, the said William Mathers fully intended to be present in court at the said calling of said cause in its order, and during the trial thereof, at the present term, and that his absence at the time was una-

voidable and wholly unintentional ; that affiant believes that the said absence of said William Mathers was not procured by the act or connivance of the defendants, nor by others at their request, nor with their knowledge or consent ; and that this affidavit is not made for delay merely, but to enable the defendants to obtain substantial justice at the trial of this action, and further says not."

This affidavit shows, that at the calling of the cause, Mathers, a defendant and witness, was not present, but it does not show that he could not, or would not, be present at and during the trial, or that any diligence had been used by himself or his co-defendant's to secure his attendance ; nor is there any reason or cause given for his absence. The affidavit was clearly insufficient. But we will add that the bill of exceptions clearly shows that during the trial, and while the plaintiff's witnesses were being examined, Mathers was present, and that certain papers were then and there tendered to him in open court.

One of the causes for a new trial was surprise at certain evidence given, and the following affidavit of the absent witness was filed in support of this cause :

" The said William Mathers makes oath, and says, that upon the trial of this action at the present term, the defendants were taken by surprise by the evidence of said John M. Reid, and one Roland J. Dukes, who testified as witnesses on behalf of the plaintiff herein ; that when the plaintiff's final estimate to September 30th, 1870, of the work and materials furnished by him under the contract sued on in this action was made by Charles W. Boyden and John M. Bullock, the firm of Chamberlain, Mathers & Co., then composed of the defendants, Chamberlain and Mathers, refused to receive the plaintiff's said work in its then unfinished condition, and demanded a remeasurement of said work ; that as a compromise of this difference between the plaintiff and Chamberlain, Mathers & Co., it was verbally agreed, in October, 1871, by and between the plaintiff and said firm, that the said firm should receive the plaintiff's said work in its then condition ; that the said

work should be remeasured by disinterested parties; that such remeasurement should be final, and that both the plaintiff and said firm would agree to and abide by said remeasurement; that accordingly the said Chamberlain, Mathers & Co. did accept and receive the plaintiff's said work, and in pursuance of said verbal agreement the said Roland J. Dukes, on or about October 25th, 1871, on behalf of said plaintiff, selected and appointed one H. B. Cozzens to make such remeasurement of plaintiff's said work, in connection with an engineer to be appointed by said Chamberlain, Mathers & Co.; that thereupon the said Chamberlain, Mathers & Co. did select and appoint one W. L. Brigdon, who was shown by the testimony of said Roland J. Dukes on the trial of this cause to be a competent engineer, to act in connection with said H. B. Cozzens in making the said remeasurement of the plaintiff's said work; that the said H. B. Cozzens and W. L. Brigdon, so selected and appointed as aforesaid, did make such remeasurement of said work, and reported the same to the said Roland J. Dukes; that by such remeasurement it was shown, that the said Chamberlain, Mathers & Co. only owed the said John M. Reid, on account of his said work and at the date of said final estimate, the sum of three thousand five hundred dollars, instead of the sum sued for in this action, and found to be due the plaintiff from the defendants on the trial of this cause ; that the defendants never knew, or heard, or believed that the said Roland J. Dukes refused to approve of said remeasurement, or that he had not ordered such remeasurement of said work, until he so testified on the trial of this cause ; that the defendants never knew, or heard, or believed, that the said John M. Reid denied, or would deny, his agreement as aforesaid to the said remeasurement of his said work, until he so testified on the trial of this cause ; and that the defendants were taken by surprise by the testimony of the plaintiff and of said Roland J. Dukes, on the points aforesaid.    And affiant further says, that if the defendants had any reason to believe the plaintiff would deny under oath his said agreement to such remeasurement, or that the said Rol-

Chamberlain *et al. v.* Reid.

and J. Dukes would deny under oath that he had authorized and directed the said remeasurement of said work, the defendants would have been prepared to prove on said trial, by the testimony of said Jacob G. Chamberlain, H. B. Cozzens, and W. L. Brigdon, all of whom were and are competent witnesses for the defendants, the facts aforesaid in relation to the plaintiff's said agreement and the said remeasurement of the said work, and the plaintiff's agreement in relation thereto, and the acts and directions of the said Roland J. Dukes, in relation to said remeasurement; and that affiant believes all the facts aforesaid, in relation to plaintiff's said agreement and the said remeasurement of said work, to be true."

The evidence, by which the defendants below claim that they were surprised, was called out from the witnesses of the plaintiff by the defendants on cross-examination, and was clearly within the law and rules of cross-examination under the issues in the case.

A party cannot claim that he was surprised by evidence that is legally and properly given under the issues formed in a case. He must be held to know what evidence may be given under the issues formed, and to be prepared to meet it. *Pauley* v. *Short*, 41 Ind. 180; *Brownlee* v. *Kenneipp*, 41 Ind. 216.

The evidence clearly and fully required the finding and judgment of the court below, and there is no legal cause or reason shown to us by the record why the judgment should be reversed.

The judgment is affirmed, at the costs of the appellants, with five per cent. damages.