Irvin *et al. v.* Ratliff *et al.*

No. 11,220.

## IRVIN ET AL. *v.* RATLIFF ET AL.

PARTIES.—*Determination of Conflicting Claims.—Depositary.—Counter-Claim.—Practice.—Contract.—Exhibit.*—The plaintiffs sued R. and B., averring that there was a sum of money in R.'s hands which he refused to pay, and in which B. claimed an interest. R. answered that the money was in his hands, as the plaintiffs had averred, but under a written contract with the plaintiffs, exhibited, that he should pay B. out of it any sum due B. from the plaintiffs upon a certain contract between B. and the plaintiffs, and that B. claimed the whole, and he offered to pay as the court should direct, and prayed that the controversy between the plaintiffs and B. be determined. B. filed a pleading in which he set up his contract with the plaintiffs and breaches thereof, the receipt of the money by R. as averred in R.'s answer, and prayed judgment for his damages against the plaintiffs, and that R. pay the money in his hands to B. The plaintiffs answered this pleading and B. replied.

*Held,* that B. might recover judgment against the plaintiffs in that action for a greater sum than was in R.'s hands, and that R. pay the latter upon it.

*Held,* also, that B.'s claim against the plaintiffs was not founded on the written contract between the plaintiffs and B. and, therefore, need not be made a part of his pleading.

TRIAL.—*Postponement.*—An affidavit in support of a motion to postpone a trial for one day, because of the absence of a party whose presence is necessary, which shows no excuse for such absence, is not sufficient.

From the Grant Circuit Court.

*G. W. Harvey, P. S. Kennedy, S. C. Kennedy* and *E. C. Snyder,* for appellants.

*H. Brownlee,* for appellees.

BLACK, C.—The appellants, Volney Q. Irvin and Frederick D. Hustis, brought suit against the appellees, John Ratliff and John Bundy, alleging in the complaint that the sum of $1,173.24, which was due to the plaintiffs from Grant county, as a balance for constructing a free gravel road, was, by the authority of the plaintiffs, received for them by the defendant Ratliff, who refused to pay said sum or any part of it to the plaintiffs; that the defendant Bundy claimed an interest in said money; and that he was made a party in order that he might set up his interest.

Ratliff answered, in effect, that the board of commissioners of said county, in 1880, ordered the construction of said road, and appointed him as the engineer thereof ; that the contract for its construction, on or before December 1st, 1880, was let to the plaintiffs, who sublet the work to said Bundy ; that he did not complete the road at the time so specified ; that in January, 1882, the plaintiffs made a written agreement, set out, by which they turned over their said contract to said Ratliff, the engineer, who was to cause the road to be finished, draw estimates, and, after paying for the completion of the road, to pay said Bundy whatever amount was due him under his contract ; that said Ratliff caused the road to be finished, and paid therefor ; that there was in his hands, in excess of what was required to finish the road, a balance of $832.71, which was paid by the plaintiffs, and by said Bundy ; and that said Ratliff was ready and willing to pay said sum as the court might order ; and he asked the court to determine between the plaintiffs and said Bundy as to their rights in the premises.

The defendant Bundy filed a pleading, in which he set up his contracts with the plaintiffs for the construction in part of a portion of said road, and alleged breaches thereof on the part of the plaintiffs and the receipt of money by said Ratliff, by the authority of the plaintiffs, to be paid by him to said Bundy, who demanded judgment against the plaintiffs in a certain amount, and that said Ratliff be required to pay the money in his hands to said Bundy.

The plaintiffs answered this pleading. Bundy replied, and there was a trial by jury, which resulted in a verdict in favor of said Bundy, damages being assessed in his favor against the plaintiffs in the sum of $1,350, the jury also finding that Ratliff had in his hands $832.71, which belonged to Bundy, and that Ratliff be required to pay that sum to Bundy.

The plaintiff made a motion for a new trial, which was overruled, and judgment was rendered on the verdict. The chief question in dispute between counsel relates to the ex-

cess of the amount of the verdict against the appellants over the amount found to be in the hands of Ratliff, to which Bundy was found to be entitled, it being contended on behalf of the appellants, that, the action·having been instituted by them to settle the right to the money in the hands of Ratliff, it was proper for the jury to find the amount in Ratliff's hands and award it to Bundy if they found him entitled to it, but that it was inadmissible to find against the appellants for a larger amount. It is said by counsel: " Each paragraph of the cross complaint, it is true, set up matters which constituted a cause of action against the appellant, and upon which a recovery might be had in another suit; but matters therein alleged could only be shown in the present suit for the purpose of ascertaining to whom the money in Ratliff's hands belonged."

To establish his right to the money held by Ratliff, it was necessary for Bundy to show a cause of action against the appellants under his contracts with them in relation to the construction of the road. If, in establishing his right to the money, he necessarily showed a single cause of action in his favor against the appellants for a larger amount than that held by Ratliff, we think it was not necessary or proper that such cause of action should be split up. The law does not favor a multiplicity of actions. The court had all the parties before it, and was capable in that action of doing complete justice to all the parties. It could at once settle the whole dispute which had been litigated in the action, by rendering judgment for Bundy against the appellants and ordering the application thereon of the money which Ratliff held for such a purpose.

It is objected that, while the evidence showed a written instrument executed by the appellants by which they turned over the completion of the road to said engineer and authorized him to pay Bundy, as above stated, Bundy's pleading did not allege that said engineer was so authorized in writing.

Ratliff, as we have seen by his answer, alleged the execu-

tion of his instrument by the appellants and set it out, and admitted that he held a certain sum of money drawn by him pursuant thereto; and Bundy showed by his pleading that something was due to him from the appellants under his contracts referred to in the instrument so set forth by Ratliff. Bundy's cause of action against the appellants for the recovery of damages was based upon his contracts with them. It was not necessary for Bundy to set up the written instrument in question as against Ratliff, who himself pleaded it. It was properly in evidence, and Bundy's cause of action as against the appellants was not founded upon it.

The bill of exceptions shows that at a date some days after the return of the verdict, one of the attorneys for the appellants moved to continue the cause until the afternoon of that day, or until the next morning, and filed his affidavit alleging the absence of the appellants, that one of them named was a material witness, and that his presence was necessary to direct the trial. This affidavit was perhaps filed on the first day of the trial, though the bill states that it was filed on a day which was after the trial. But if it were shown to have been filed on the first day of the trial, it does not indicate any definite or sufficient reason why the party named was not present to look after his interests; and, moreover, the record shows that he testified as a witness on the trial.

An affidavit of this party is set out in the bill of exceptions in connection with a statement that it was read in support of the motion for a new trial. But the affidavit is not referred to in said motion, and the motion does not state any cause for a new trial to which the affidavit can properly be said to apply.

The judgment should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be affirmed, at the costs of the appellants.

Filed April 19, 1884.