SCHWARTZ, ADMINISTRATOR, *v.* PARSONS, GUARDIAN.

[No. 2,796.    Filed May 11, 1899.]

CONTINUANCE.—*Absence of Party.*—An application for continuance was made on account of the absence of plaintiff. The affidavit showed that plaintiff was absent on account of sickness which confined him to his bed. It also stated that plaintiff was an important witness in his own behalf, and set out the facts to which he would testify if present. It was further stated in the affidavit that plaintiff's attorneys could not safely go to trial in the absence of their client for the reason that he was familiar with the facts, and in his absence they could not properly present them. Defendant admitted that plaintiff would testify to the facts stated in the affidavit, and the motion for a continuance was overruled. *Held,* that the rule governing applications for continuance on account of the absence of witnesses did not strictly apply, and that the court erred in overruling the application.

From the Floyd Circuit Court.    *Reversed.*

*Charles L. Jewett* and *Henry E. Jewett,* for appellant.

*Kelso & Kelso,* for appellee.

WILEY, J.—John Parsons was an insane person, and incapable of managing his own estate. Annie E. Parsons was his wife, and the Floyd Circuit Court appointed her his guardian. She gave bond, and entered upon the duties of her trust. Upon his death she filed her account in final settlement. Appellant was appointed administrator of his estate, and was duly qualified. As such administrator, he appeared in the court below and filed exceptions to the guardian's final report. To the exceptions the guardian filed a general denial. The case was set for trial on the exceptions, and, when called, appellant through his attorneys, made an application for a continuance, and filed the affidavit of one of the attorneys in support of it. The application for a continuance was based upon the absence of appellant, and the affidavit showed that his absence was caused by sickness which confined him to his bed. The affidavit also stated

that appellant was a material and competent witness in his own behalf, or rather in behalf of the estate he represented, and set out fully all the facts to which he would testify, if present at the trial.   The affidavit was supported by a letter from appellant's wife, and a certificate of his attending physician, showing that he was unable to be in court.   The affidavit further showed that appellant at the time lived at Elwood, Indiana, being over 125 miles from New Albany.   It was further stated in the affidavit that appellant's attorneys could not safely go to trial in the absence of their client, for the reason not only that he was a material and competent witness, but by reason of the further fact that he had carefully and diligently examined said accounts of appellee as guardian, and that, in his absence, they could not properly present his defense and objections to said final report, etc. The facts stated in the affidavit, as to what the evidence of appellant would be if present, were amply sufficient to support his motion for a continuance, but such continuance, on that ground, was obviated by appellee admitting in open court that if appellant was present he would testify to the facts stated.   Upon the trial, at the request of appellant, the court made a special finding of facts, and stated its conclusions of law thereon, and rendered judgment approving the appellee's final report, and discharging her from further liability, and declaring the trust finally settled.

Appellant's motion for a new trial was overruled, and such ruling is the only error assigned.   One of the reasons assigned for a new trial was the refusal of the court to continue the cause upon appellant's application, and counsel have confined their discussion to the question presented by that part of their affidavit in support of the motion relating to the necessity of appellant's presence at the trial to aid them in developing the facts, etc.   The rule in this State is firmly settled and well grounded that an application for a continuance is addressed to the sound discretion of the trial court, and that the action of the court thereon will not be reversed,

unless it clearly appears that the discretion of the court has been erroneously exercised. *Moulder* v. *Kempff*, 115 Ind. 459; *Cerealine, etc., Co.* v. *Bickford*, 129 Ind. 236. In *Welcome* v. *Boswell*, 54 Ind. 297, an application for a continuance was made, on account of the absence of appellant, but the motion was overruled. The court by Niblack, J., said: "When the application is made on account of the absence of a witness, merely, certain formal and necessary facts must be shown by affidavit, to entitle the party to a continuance. * * * In other cases, good cause only need be shown by affidavit or otherwise. * * * In the case before us, the appellant was more than a witness in his relations to the action. He was also a defendant, and the only defendant in the cause. The rule, therefore, governing the application for a continuance on account of the absence of an ordinary witness, was not, in our opinion, strictly applicable to him, in the motion made in his behalf for the continuance of this cause. His application, we think, was not within any strict statutory rule, but was addressed to the sound legal discretion of the court. * * * We think that, in the exercise of a proper judicial discretion, the court below ought to have continued the cause, and that, consequently it erred in refusing to do so. This court is reluctant to revise the decision of the lower courts in cases like this which rest in their discretion, but cases sometimes reach us in which such a revision is both necessary and proper. We think this is such a case." And for this reason the judgment was reversed. In *Post* v. *Cecil*, 11 Ind. App. 362, appellant, through his attorney, moved the court for a continuance, and supported the motion by affidavit. The motion for a continuance was based upon the absence of appellant, which absence was occasioned by his sickness. In addition to stating what he would swear to if present, the affidavit stated that appellant and his attorney had made diligent preparation for the trial, and that the attorney could not safely go to trial on account of the absence of his client, and

"that it would be impossible to go to trial in said cause without the aid and assistance of his client." The motion for a continuance was overruled. This court held that such ruling was error, for which a reversal was ordered. The court by Davis, J., said: "The circumstances were such that both parties should be seen and heard by the jury if practicable. An examination of the affidavit in connection with the entire record convinces us that in the exercise of a proper judicial discretion the court below ought to have continued the cause, and that it erred in refusing to do so."

In the case before us the exceptions to appellee's report as guardian called in question its correctness in several important particulars. By the exceptions appellee was charged with having misappropriated, and appropriated to her own use, large sums of money and other assets of her trust. Appellant, also, was acting in a trust capacity, and we must presume he was acting in good faith in filing exceptions to the report. The affidavit shows that he had made all needed preparation for the trial, but was unable, on account of sickness, to be present, either as a witness or to advise with his counsel in their conduct of the trial. It is the policy of the law, recognized by courts everywhere, that litigants are entitled to be present in court when their rights are being litigated, and this privilege should not be denied them, when a fair showing is made of the necessity of such presence. While we have no means of knowing, yet it is possible that if appellant had been present during the trial to have advised with his counsel, in the examination of witnesses in the conduct of the trial, or in securing the attendance of other witnesses, the result might have been different. We know that the presence of a party to the action where contested questions of fact are at issue, often, and we might say generally, is of great benefit to counsel. It can hardly be expected that a client can impart to his counsel, in detail and with particularity, all the facts at his command, or of which he has information, before the trial of his case. It may be, and

doubtless often does occur, that during the trial questions arise of which neither the client nor counsel knew, or could have known by the exercise of reasonable diligence. In such event, the presence of the client would become of the highest importance. While the general rule prevails as to the discretion of the trial court in overruling or continuing a cause upon application, as above stated, yet such rule is not inflexible, and should not control where, from the whole record, it appears to the appellate tribunal that such discretion has been abused. In 4 Ency. Pl. & Prac. at p. 902, the rule is well stated as follows: "The prevailing modern doctrine is, that although the presiding judge has a discretion in ordering the business of his court and determining whether it is proper or not to postpone or continue a case, yet if a refusal to continue a case constitutes a flagrant abuse of that discretion, it is sufficient ground, in accordance with the great preponderance of authority, for reversal of the judgment on appeal or error." In support of the rule as stated, the authorities are collected from all the states and cited. In California, Illinois, Kentucky, Michigan, New York, and Tennessee cases are cited where reversals were had, because of refusal of the trial courts to continue causes for the absence of parties, and in none of the cases was the showing made for a continuance any stronger than that made in the case before us. Without quoting from the cases, we content ourselves by citing them as they appear in 4 Ency. Pl. & Prac. *supra.*

When we consider the facts stated in the affidavit, and the entire record, we must conclude, in harmony with the great preponderance of authority, and the right that a party has to be present in court where his cause is tried, that the court below, in the exercise of a proper judicial discretion, ought to have continued the cause on the application of appellant, and in refusing to do so it abused its discretion. The judgment is reversed, with directions to the court below to sustain appellant's motion for a new trial.