## KROLL *v.* SMITH ET AL.

[No. 18,861.   Filed January 22, 1957.]

*Harold V. Whitelock,* of Indianapolis, *Dan C. Flanagan,* of Fort Wayne, and *John B. Freiden,* of Cincinnati, Ohio, for appellant.

*Lewis & Goett* and *Arthur L. Payne,* all of Indianapolis, for appellees.

CRUMPACKER, J.—The appellees, partners engaged in the practice of law, claim to have performed professional services of the value of $2,500.00 for and on behalf of the appellant for which he refuses to pay. This action was brought to collect the same and resulted in a judgment for the appellees in the sum of $2,500.00. The appellant charges error in the judgment and proceedings of the trial court in a number of particulars which we will consider in the order of their presentation.

I.   This action was brought in the Marion Superior Court and on November 1, 1955, said court set the same for trial December 20, 1955. On the morning of that day H. V. Whitelock, counsel of record for the appellant, appeared in court and filed a motion for the postponement of trial supported by the following affidavit:

"H. V. Whitelock, being duly sworn, says that he is attorney of record for defendant in the above captioned cause; that this cause is set for trial this 20th day of December, 1955; that he cannot try this action on said date without prejudice to the defendant; that defendant Mark Kroll, is this day a witness in litigation proceeding in the United States District Court in Indianapolis, Indiana; that many of the facts and circumstances surrounding this cause are, due to its nature, peculiarly within the knowledge of the parties; that the presence and testimony of the defendant is material, vital and essential to his defense in this action; that affiant's co-counsel, attorney John B. Freiden, is actively engaged in litigation in the United States District Court, above referred to, and for that reason also cannot be present at this time; that attorney Freiden has carried the burden of preparation for this cause, has intimate knowledge of matters connected with this action, and expected to try this cause; that immediate trial in his absence will also prejudice defendant's proper defense; that both de-

fendant and co-counsel will be available within a reasonable time; that the facts stated herein, as to the necessary absence of defendant and co-counsel, were unexpected and not known to this affiant until 4:50 P.M. on December 19th, 1955, when he learned that the above referred to litigation, which began on that date, would continue through this date. And further affiant sayeth not."

The above motion for a continuance was overruled and the appellant predicates error thereon. It appears from the record that immediately after the filing of the motion there was some discussion between the court and counsel as to what could be done to meet the situation described in the affidavit which discussion ended with the following query by the court: "Is it agreeable with the attorneys present that the plaintiff put on their case and counsel for the defendant will have an opportunity to cross-examine plaintiff's witnesses and then if the defendant is not available we will have to finish the case at some later date?" Such procedure was agreed upon by counsel for both parties and it was with that understanding, we are bound to presume, that the court denied a continuance of the cause. An application for a continuance is addressed to the sound discretion of the trial court and, unless it is clearly disclosed that such discretion has been abused to the injury of the complaining party, the refusal to grant the continuance is not reversible error. *City of Huntington* v. *Folk* (1900), 154 Ind. 91, 54 N. E. 759; *Louisville, etc., Traction Co.* v. *Montgomery* (1917), 186 Ind. 384, 115 N. E. 673. We can see no abuse of discretion on the part of the trial court in doing what the complaining party, in this instance the appellant, agreed should be done and hence we find no error in said court's refusal to continue the cause for trial at a later date.

II. At the close of the appellees' case below the

appellant again moved for a continuance or delay in the trial for the purpose of obtaining a transcript of the evidence presented up to that time in order that he, having been unavoidably absent during the presentation of the appellees' case, might familiarize himself therewith. This motion was denied by the court to the appellant's alleged prejudice and he charges error in respect thereto. It may be said that a judge ordinarily has control over the proceedings in his court and it is his duty to dispatch the business thereof as expeditiously as is consistent with orderly procedure and the administration of justice. Thus it seems to us that the motion here considered did not involve an absolute right vested in the appellant but was, rather, an appeal to the judge's judicial conscience as a guide to the choice of procedures best calculated to expedite the business at hand without material injury to the parties involved. In short, the motion was addressed to the sound discretion of the court and the court's action thereon involves no error unless it clearly appears that such discretion was abused.

The record discloses that during the presentation of the appellees' case the appellant was represented by competent counsel who heard all the testimony given in the appellees' behalf, cross-examined their witnesses, and, it must be assumed, was thoroughly capable of briefing the appellant as to all the essential elements of the appellees' case. The court apparently saw no material need for a transcript of the record at that stage of the proceedings and no doubt concluded that the preparation of one would unduly delay the trial and therefore denied the motion. We see no abuse of discretion in the ruling.

III. The appellant's two motions for a continuance, above discussed, having been overruled he asked for

time and leave to prepare a motion to transfer this cause to the United States District Court for the Southern District of Indiana on the theory that the controversy involved matters connected with a reorganization in bankruptcy then pending in said court and which court he says has exclusive jurisdiction of all matters pertaining thereto including attorney's fees. We would be compelled to concede merit to this request if the premises upon which it is based were accurate. It is true that at the time it was made said Federal Court was engaged in the process of reorganizing a bankrupt corporation in which the appellant was interested but the appellees' services, here involved, have no connection whatever with those proceedings. The reorganization plan they claim to have been employed to prepare was not adopted by the court and, as far as the evidence discloses, it was not even submitted to the court for approval. It is thus apparent that the services for which the appellees seek payment in the present action are of no concern to said Federal court and were unconnected with any matter then pending before it. The appellant's request for time to prepare and file a motion for a transfer was properly denied.

IV. Finally the appellant contends there is no competent evidence in the record that he ever employed the appellees for any purpose whatsoever. That the undisputed evidence shows that the appellees were employed by one A. A. Roney and there is no evidence whatsoever tending to prove that Roney was the agent of the appellant authorized to employ counsel in his behalf. While we agree with the appellant that the judgment herein cannot be justified on the theory that the appellant employed the appellees by and through his agent Roney, we think there is ample evidence in the record to sustain a finding by the court that the appellant and Roney were jointly engaged in an en-

deavor to gain ownership and control, to their mutual profit, of a bankrupt corporation through the submission of a plan for its reorganization, the adoption of which they intended to urge upon the Federal Court but never did. This constituted a joint adventure, 30 Am. Jur., Joint Adventures, §3, p. 677, and rendered the appellant liable on any contract made, in reasonable furtherance of the enterprise, by his joint adventurer, Roney. 30 Am. Jur., Joint Adventure, §41, p. 699, 48 C. J. S., Joint Adventures, §14(b), p. 866.

Judgment affirmed.

NOTE.—Reported in 139 N. E. 2d 573.