## FLICK v. SIMPSON.

[No. 967A60. Filed November 26, 1969. Rehearing denied with opinion February 5, 1970. No petition for transfer filed.]

*James Manahan, Dean E. Richards,* and *DeWitt, Richards & Manahan,* of counsel, of Indianapolis, for appellant.

*Tony Foster, Donald L. Jackson,* and *Bingham Summers Welsh & Spilman,* of counsel, of Indianapolis, for appellee.

WHITE, J.—This is an action brought by appellee, Virgil O. Simpson, the conditional seller, against appellant Norman Z. Flick, the conditional purchaser, for breach of contract to purchase and for possession of real estate. Failure to pay taxes was the breach alleged. The day before trial appellant filed a written motion for continuance which was promptly overruled. The next day, at the beginning of the trial, appellant's counsel orally requested a continuance because of appellant's alleged physical inability to be present. Appellant's two attorneys left the court room after the continuance was de-

nied, and the trial was conducted in the absence of appellant and of his counsel. Before counsel left, however, a telegram from appellant to one of his attorneys, dated the day before trial, was offered by them and admitted into evidence. It stated that appellant had to leave town immediately due to an unspecified emergency and that he understood the case was probably continued. Also before counsel were excused, appellant's deposition was published and offered into evidence by appellee (but there is no record that it was admitted or that it was read to or by the court).

After hearing several witnesses, the trial court awarded plaintiff-appellee judgment for $968.36 damages, $500.00 attorney fees, and costs.

Defendant-appellant filed a motion for a new trial in which the grounds were stated as follows:

> "1. Irregularities in the proceeding of the Court and orders of the Court, and abuse of the Court's discretion by which the defendant was prevented from having a fair trial, in this, to wit:
>
> "(a) That the Court erred in refusing and overruling defendant's Motion for Continuance of the cause having been duly filed in writing on May 8, 1967;
>
> "(b) That the Court erred in refusing and overruling defendant's Petition to Add Second and Third Paragraphs of Answer having been duly filed in writing on May 8, 1967;
>
> "(c) Error of Law occurring at the trial in this to wit: that the Court erred in overruling the defendant's Motion for Continuance orally made by counsel for defendant at the opening of the trial;
>
> "(d) That the judgment of the Court is contrary to law;
>
> "(e) That the judgment of the Court is not substantiated by sufficient evidence."

No memorandum was filed. The overruling of the motion is the sole error assigned on this appeal.

On July 19, 1968, appellee filed a motion to dismiss or affirm. By order of this court entered November 1, 1968, the

motion to dismiss was overruled and the motion to affirm was held in abeyance pending determination of the case on its merits.

The basis of the motion to affirm as to grounds (a), (b), and (c) of the motion for new trial is that said grounds were waived by defects in appellant's brief. These defects as to grounds (a) and (c) were cured by the filing (with leave of court) of the amended appellant's brief. (Ground [b] was again waived by failure to argue it in the amended brief.) As to grounds (d) and (e) of the motion for new trial, the basis of the motion to affirm is that these grounds were not supported by a memorandum. Supreme Court Rule 1-14B states:

> "Whenever a new trial is requested on the ground or grounds 'that the verdict or decision is not sustained by sufficient evidence or is contrary to law,' the moving party shall file a memorandum stating specifically under such itemized cause wherein such evidence is insufficient or the verdict or decision is contrary to law. The party filing such motion shall be deemed to have waived any ground not specified in the memorandum."

Appellant contends that no memorandum is required because he has not asserted that the *decision* is not sustained by sufficient evidence or is contrary to law, but has stated as grounds (d) and (e) of his new trial motion that the *judgment* is not so sustained and is contrary to law.

The fallacy of appellant's argument is that a judgment is never sustained by evidence. It depends for its sustenance on the jury's *verdict* or the court's *finding* or *decision*. If the judgment does not conform to the verdict, finding, or decision it is unquestionably contrary to law, but the remedy is not a new trial. The remedy is a correction of the judgment to conform. And the remedy is applied for by a written motion to correct judgment. *Branson* v. *Studebaker*, 133 Ind. 147, 162, 33 N. E. 98 (1892).

It is for that very logical reason that the statute which specifies the grounds for a new trial makes no mention of the

judgment, but does state, as the sixth ground: "That the verdict or decision is not sustained by sufficient evidence, or is contrary to law."[1]

We would be receptive to an argument based on authorities appellant cites[2] that "judgment," as used in the motion for new trial should be construed as "decision." That would make "grounds" out of what otherwise are mere surplusage in appellant's motion. But it would not aid appellant if we so held, because the above quoted Supreme Court of Indiana Rule 1-14B requires us to deem such grounds waived unless a memorandum filed by the moving party states specifically wherein such evidence is insufficient or the decision is contrary to law. The rule is binding on us and we are without jurisdiction to question its wisdom or fairness, nor to sanction its evasion by calling a "decision" a "judgment."[3]

---

[1] Ind. Acts 1881 (Spec. Sess.), Ch. 38, § 420, Burns IND. STAT. ANN. § 2-2401.

[2] "The written reasons for a new trial are sufficient if they, with reasonable certainty, apprise the court and the opposite party of the ground upon which the new trial is asked. The reason need not be stated in the language of the statute. *Humphries* v. *The Administrators of Marshall* (1859), 12 Ind. 609." *Heekin Can Co.* v. *Porter*, 221 Ind. 69, 73, 46 N. E. 2d 486 (1943).

[3] " 'The courts may rescind or repeal their rules, without doubt, or in establishing them, may reserve the exercise of discretion for particular cases. But the rule once made without any such qualification, must be applied to all cases which come within it, *until it is repealed by the authority which made it.* ' " (Emphasis added.) *State ex rel.* v. *Lankford*, 158 Ind. 34, 36, 62 N. E. 624 (1902), quoting *Thompson* v. *Hatch*, 3 Pick. 512-516.

Ind. Acts 1901, Ch. 247, § 15, being Burns IND. STAT. ANN. § 4-209, provides, *inter alia*:

"Appeals to the Appellate Court shall be taken in the same manner and with the same effect and subject to the same limitations and restrictions as . . . in cases of appeals to the Supreme Court. . . . The rules of court . . . shall be the same as provided by or for the Supreme Court. . . ."

Ind. Acts 1937, Ch. 91, § 1, being Burns IND. STAT. ANN. § 2-4718, provides, *inter alia*: "The Supreme Court shall have the power to adopt, amend and rescind rules of court which shall govern and control practice and procedure in *all* the courts of this state; such rules to be promulgated and to take effect under such rules as the Supreme Court shall adopt, and thereafter all laws in conflict therewith shall be of no further force or effect." (Emphasis added.)

We therefore deem appellant's "grounds" (d) and (e) of his motion for new trial to have been waived by his failure to specify by memorandum wherein such evidence is insufficient or the "judgment" (i.e., decision) is contrary to law.

This leaves us with but two claimed errors to consider:

"(a) That the Court erred in refusing and overruling the defendant's [appellant's] Motion for Continuance of the cause having been duly filed in writing on May 8, 1967.

\* \* \*

"(c) Error of Law occurring at the trial, in this, to-wit: that the court erred in overruling the defendant's Motion for Continuance orally made by counsel for defendant [appellant] at the opening of the trial."

As to ground (a)—the court erred in overruling the written motion for continuance—appellant contends a continuance is mandated by Burns IND. STAT. ANN. § 2-1519, (1968 Repl.) which reads:

"Every deposition intended to be read in evidence, must be filed in court at least one [1] day before the time at which the cause in which the deposition is to be used stands on the docket for trial; or, if filed afterwards and claimed

---

Ind. Acts 1969, Ch. 191, § 2 (not yet published in Burns' IND. STAT. ANN.) adopted rules of civil procedure to be effective January 1, 1970. Section 2 of that act reads:

"The General Assembly of the State of Indiana affirms the inherent power of the Supreme Court of Indiana to adopt, amend and rescind rules of Court affecting matters of procedure, and the General Assembly reaffirms the power given to the Supreme Court to adopt, amend and rescind rules of Court including these rules of Court herein adopted, as set forth by the Acts of the General Assembly of 1937 at Chapter 91, Section 1."

"The rules of the court have the force and effect of law and are binding upon the courts of review as well as the parties. . . . *Stillabower et al.* v. *Lizart et al.* (1959), 130 Ind. App. 65, 67, 159 N. E. 2d 144, 145, 161 N. E. 2d 195." *State ex rel. Spelde* v. *Minker, Trustee, etc.*, 244 Ind. 421, 422, 193 N. E. 2d 365 (1963). See also *Eggers* v. *Wright*, 253 Ind. 44, 16 Ind. Dec. 669, 245 N. E. 2d 331 (1969)."

to be used, on the trial, the adverse party shall be entitled to a continuance, at the costs of the party filing the deposition, upon showing good cause by affidavit."

The record shows the deposition was filed a day before the trial as required by the statute. The cause was set for trial on May 9, 1967. The Entry Docket entry for May 8, 1967, from the Office of the Clerk of Marion County, shows the filing on that date of the defendant's deposition by the plaintiff. It is true that the deposition was not published until the day of the trial. However, it was timely filed and this is all that is required by the statute.

In addition to the fact that appellee did not violate Burns IND. STAT. ANN. § 2-1519 (1968 Repl.), it is evident that the appellant *did* violate the statute. The statute demands that good cause be shown by affidavit. The appellant failed to file any affidavit. This failure would be sufficient reason for the lower court to refuse to grant a continuance even if the deposition had not been timely filed. Furthermore, neither the written motion for continuance nor the later oral motion was on the ground the deposition had not been timely filed. Neither motion made any mention of the deposition. No objection was made to the motion to publish the deposition and no objection was made when it was offered into evidence. (At that time appellant's counsel had not yet ceased to participate in the trial.) The reasons stated in the written motion for continuance have not been discussed here on appeal and are therefore waived.

There was no abuse of discretion or other error in overruling appellant's written motion for continuance or in denying him a continuance at that time (i.e., the day before trial).

This brings us to ground (c)—the court erred in overruling the oral motion for continuance made at the beginning of the trial. Appellant's basis for his oral motion for a continuance was a reiteration of his written motion and his attorney's statement that he was physically unable to be in court that

day. His attorneys produced and introduced into evidence a telegram sent from Indianapolis the day before by the appellant stating:

"MR DEWITT [appellant's attorney] AN EMERGENCY HAS AROSE HAVE TO LEAVE TOWN IMMEDIATELY AN EARLIER CONVERSATION WITH YOUR OFFICE I UNDERSTOOD THE CASE OF V O SIMPSON WAS PROBABLY CONTINUED WILL CONTACT YOU IN A FEW DAYS SINCERELY YOURS
    NORMAN FLICK"

This wholy unverified telegram was the sole evidentiary support for appellant's oral motion for a continuance.

The unavoidable absence of a party is good cause for a continuance. *Welcome* v. *Boswell,* 54 Ind. 297 (1876) ; *Post* v. *Cecil,* 11 Ind. App. 362, 39 N. E. 222 (1894). Although discretionary with the court, a continuance should not be denied, except for weighty reasons, when the application therefore is proper and shows good cause, since it is an important privilege of a party to be present at his own trial. *Pate, Exr.* v. *Tait,* 72 Ind. 450 (1880) ; *Deacon* v. *Rasch,* 40 Ind. App. 77, 81 N. E. 84 (1907) ; *Schwartz, Adm'r.* v. *Parsons, Guardian,* 22 Ind. App. 340, 53 N. E. 785 (1899). But it is not error to deny a continuance when the party fails to show a sufficient reason for his absence. *Irvin* v. *Ratliff,* 94 Ind. 583 (1884). *Chamberlain* v. *Reid,* 49 Ind. 332 (1874) ; *McBride* v. *Stradley,* 103 Ind. 465, 2 N. E. 358 (1885) ; *In re Holovachka,* 245 Ind. 483, 198 N. E. 2d 381, cert. den. 379 U. S. 974, 85 S. Ct. 665, 13 L. Ed. 2d 565 (1964). It is the duty of a judge to dispatch the business of the court as expeditiously as is consistent with orderly procedure and the administration of justice. *Kroll* v. *Smith,* 127 Ind. App. 178, 182, 139 N. E. 2d 573 (1957). For that purpose courts are endowed with large administrative discretion. *Rogers* v. *Youngblood,* 226 Ind. 165, 170, 78 N. E. 2d 663 (1948).

Assuming, *arguendo,* that the telegram was evidence of probative value tending to prove his counsel's unsworn asser-

tion that appellant was physically unable to be present, it was nevertheless, the duty of the trial judge to weigh its probative value against the possible injustice to appellee who was present by counsel with witnesses, as well as the possible injustice to all other persons whose matters in litigation could be delayed by failure to dispose of this case at the appointed time. In finding, as he apparently did, that the evidence of appellant's physical inability to attend was insufficient to outweigh these other considerations, it would appear that the trial judge exercised a sound discretion.

While appellant's assertion that the trial judge abused his discretion lacks even the appearance of substantiation there is some basis (more apparent than real, perhaps) for the charge that the judge delegated his discretion to appellee's counsel.

In support of that contention, appellant quotes the following colloquy:

"THE COURT: I shall ask counsel for the plaintiff point blank, do you want the Court to reconsider its former ruling?

"MR. FOSTER: No, I do not. We feel there is no grounds for continuance and the evidence is well known to the defendant.

"THE COURT: Well, it is your lawsuit and not mine."

It will be noted that it is not about the ruling on the motion for a continuance that the court questioned appellee's counsel, but as to whether a reconsideration of that ruling was desired. The judge had already given extended consideration to the motion, listening to lengthy statements from the attorneys for both parties, examining the telegram, and making certain that appellant's deposition was available, before he denied the motion and ordered the trial to proceed. He made no suggestion at that time that he would consider deferring to anyone's pleasure concerning whether the trial should proceed or be delayed. It was not until the two attorneys who were present in behalf of appellant had asked leave of court to be excused

from the courtroom that the court asked appellee's attorney whether he wished the court to reconsider the former ruling.

The layman with little courtroom experience could well have considered this question a display of bias in favor of the appellee. The experienced trial lawyer, however, would recognize immediately that the court was merely soliciting the opinion of appellee's attorney as to the possibility that the denial of the continuance might later be considered reversible error. We think appellant draws much too broad an implication from the court's question when he says it "reflects an implied concession on the part of the court below that error was being committed, but left it to the *discretion of the plaintiff's counsel* as to whether or not it should be committed." (Appellant's emphasis.) Conceding that the court was obviously concerned with the possibility that his ruling might be held to be reversible error and that he considered appellee's counsel (as the only attorney about to participate in the trial) to be assuming the risk of reversal if the trial did proceed, we fail to see anything wrong in asking for his advice at that point and nothing wrong in following it. Both the original ruling and its reaffirmance were the obvious result of considering and weighing the contrary advice of counsel for both parties. Such procedure appears as the very opposite of arbitrary or capricious conduct or the delegation of discretionary power to rule.

Appellant's counsel argue that appellant was harmed by the denial of the continuance in that "the defendant [appellant] was denied the right of producing the receipts [for the payment of the taxes] and interrogating witness Dobkins [the deputy treasurer who testified taxes were delinquent] concerning them." Also that it prevented appellant from subpoenaing "the Auditor and Assessor concerning the payment records of their offices." Nowhere, however, is it asserted in any manner (beyond the feeblest insinuation) that appellant could, at any date subsequent to the trial, have produced any receipt for the taxes Dobkins testified were unpaid or that either the

Auditor or Assessor's records would have shown any payments not shown on the treasurer's records.[4] Furthermore, there is no attempt to explain in what manner appellant's presence was essential to the production of the receipts and the cross examination of Mr. Dobkins concerning the receipts. It would seem reasonable to suppose that one of appellant's two attorneys who walked out could have brought the receipts to the trial and could have conducted the cross examination with more skill than could appellant who was never shown to have been admitted to the bar or to be learned in the law. The absence of these attorneys was not shown to be other than by their free choice.

Had appellant shown an abuse of discretion in denying him a continuance, which we hold he has failed to show, he would nevertheless fail in this appeal for want of a showing that he was harmed by the denial. *Freimann* v. *Gallmeier*, 116 Ind. App. 170, 180, 63 N. E. 2d 150 (1945).

The judgment is affirmed and costs are taxed against appellant.

Pfaff, C.J., Hoffman and Sharp, JJ., concur.

NOTE.—Reported in 252 N. E. 2d 508.

## ON PETITION FOR REHEARING

WHITE, J.—In our opinion affirming the trial court's judgment against appellant we stated that a deposition filed on

---

[4] Appellant's brief suggests that page 100 of the transcript shows by the testimony of appellee's brother that he saw 1964 and 1965 duplicate *receipts* in appellant's possession. That testimony is: "He had two duplicates". Nothing was said as to these duplicates showing receipt of payment nor what year's taxes were shown on the duplicates. The witness also testified that a duplicate was given to appellant of which the witness made a Xerox copy which was then introduced into evidence. It shows delinquent "64" and "63" taxes together with "current tax delinquent after November 1, 1965". No evidence that any part of those taxes had been paid is shown on that Xerox copy in the transcript. The transcript of appellant's deposition contains his counsel's statements that tax receipts had been turned over to one Jerry Forrestal from whom they had been unsuccessful in retrieving them. No mention is made of any attempt to subpoena Mr. Forrestal to the trial or to attach his affidavit or the Auditor's or Assessor's affidavit to the motion for new trial.

the day preceding the trial was timely filed pursuant to Burns IND. STAT. ANN. § 2-1519 (1968 Repl.). That statute entitles an adverse-party to a continuance "upon showing good cause by affidavit" if a deposition which has not been "filed in court at least one day before . . . trial" is "claimed to be used on the trial." The petition for rehearing alleges that in holding the deposition to have been timely filed we "erred and failed to follow past precedent set by the Indiana Supreme Court." Appellant's brief in support of his petition discloses the precedent to be:

> " 'A day begins with the passing of midnight and continues until the succeeding midnight.' *Moag* v. *State* (1941), 218 Ind. 135, 31 N. E. 2d 629, 632, *Benson* v. *Adams* (1879), 69 Ind. 353, 35 Am. Rep. 220, *Kirkpatrick* v. *King* (1950), 91 N. E. 2d 785."

Appellant's appeal brief[1] did not cite those cases nor that rule and made no argument that a deposition filed the day before trial was not timely filed. On the contrary, appellant contended that he should have had a continuance because

> "said deposition was not published and made of record until May 9, 1968, immediately prior to the hearing of the evidence in the cause. . . . The statute, as set forth above, in cases of the late filing of a deposition, clearly requires the court to grant a continuance to the adverse party upon his application and good cause shown.[2] Upon the filing and publication of the deposition, the defendant herein, by counsel, renewed his motion for continuance, based upon the absence of the party defendant to the cause."

After appellee's brief pointed out that the deposition was actually filed May 8, 1967, not May 9, 1967, the appellant then, in his reply brief, for the first time cited those three cases in support of his new position that the day before trial is not "one day before . . . trial." Our opinion ignored the new

---

[1] Which is an amended brief filed to cure certain defects pointed out by a motion to dismiss.

[2] Failing to add that the statute requires the showing of good cause to be *"by affidavit"*.

argument and ignored the citations supporting it.[3]  The writer may have been remiss in not mentioning the new argument and why it was not discussed on its merits.

"It is well settled in appellate practice that questions not raised or discussed in appellant's original brief cannot be prosecuted in appellant's reply brief." *State* v. *Marion Cir. Ct.* (1958), 238 Ind. 637, 645, 153 N. E. 2d 327; *Miller Monuments, Inc.* v. *Asbestos Insulating, etc.* (1962), 134 Ind. App. 48, 51, 185 N. E. 2d 533.  One reason for that rule is that the appellee has no opportunity to answer a reply brief. *McBeth Evans Glass Co.* v. *Jones* (1911), 176 Ind. 221, 224, 95 N. E. 567; *Michaels* v. *Johnson* (1967), 140 Ind. App. 389, 392, 223 N. E. 2d 585, 225 N. E. 2d 581.

If appellee had had an opportunity to answer appellant's new argument that filing "on the day prior to trial . . . is not 'one day' in advance of trial as the pertinent statute requires," he may well have called our attention to the following cases:

In *State ex rel. Durham* v. *Marion Circuit Court* (1959), 240 Ind. 132, 135, 162 N. E. 2d 505, the Supreme Court of Indiana said:

> "The relator claims the necessary five days did not elapse 'from the time the accusation was presented' to the day the relator herein was cited to appear.  The citation to appear was issued on August 26, 1959 for Durham to appear on August 31, 1959.
>
> "Burns' § 2-4704 reads as follows:
>
> " '*Computation of time*—The time within which an act is to be done, as herein provided, shall be computed by excluding the first day and including the last.  If the last day be

---

[3] "Where a reply abandons a cause of action alleged in the complaint, and avers facts tending to constitute a right of action for another cause inconsistent therewith, this constitutes a departure, and makes the reply insufficient to withstand a demurrer." *Logan* v. *Hite* (1938), 214 Ind. 233, 239, 13 N. E. 2d 702.  Appellant's reply brief is not a trial court pleading to which a demurrer may be addressed and this new argument is not, strictly speaking, a "departure".  However, the analogy between a new argument for reversal in a reply brief and a new cause of action in a reply, is so great that the ultimate fate of both is the same.

Sunday, it shall be excluded. [Acts 1881 (Spec. Sess.), ch. 38, § 849, p. 240.]'

"Since the statute makes no reference to calculations of fractional parts of the day and there is no evidence here when, on August 26th 'the accusation was presented,' we have no grounds for holding that less than five days elapsed. The relator points to the record which shows that the citation was received in the sheriff's office at 1:41 p.m. on August 26th. This, however, is no evidence of when the accusation 'was presented' in court and the point from which the time begins to run. We hold there is no showing made that less than the statutory period of five days had run at the time the relator Durham was cited to appear." (240 Ind. at 135.)

In *Keeling* v. *Board of Zoning Appeals* (1946), 117 Ind. App. 314, 320, 69 N. E. 2d 613, a rule of the board of zoning appeals required that notice "be given by the petitioner by leaving or mailing said notice to the residence, or last known address, of the interested party, or parties, at least five (5) days before the date of hearing. . . ." We there said:

"The application for a variance was filed by appellee churches with the Board of Zoning Appeals on August 16, 1945, and the hearing thereon was set for August 27, 1945. Notice on the prescribed forms was served upon the interested parties involved as property owners by registered mail, posted on August 22, 1945. Service of notice so served was proved by the required affidavit filed with the board.

"Section 29 of the zoning ordinance provides that notice of a hearing must be published 'at least seven (7) days prior to the time fixed for such hearing.' Publication of notice of the hearing was made on August 20, 1945, and proof of such publication duly filed with the board.

"It is asserted by appellants that the notice given as aforesaid was insufficient under the requirements of § 29 of the zoning ordinance and Article VII of the rules of procedure, *supra*. Appellants' contention is based upon the proposition that five and seven full days of 24 hours each must elapse prior to the day of the hearing.

"Section 2-4704, Burns' 1946 Replacement, provides:

'The time within which an act is to be done as hereinafter provided, shall be computed by excluding the first day and including the last.'

"It has been uniformly held by both the Supreme Court and this court that notice such as was given in the instant case is sufficient under the requirements of the foregoing statute. *Moag* v. *State* (1941), 218 Ind. 135, 31 N. E. 2d 629; *Mockford* v. *Iles* (1940), 217 Ind. 137, 26 N. E. 2d 42; *Klein* v. *Tuhey* (1895), 13 Ind. App. 74, 75, 40 N. E. 144; *Sexton* v. *Goodwine* (1904), 33 Ind. App. 329, 330, 68 N. E. 929." (117 Ind. App. at 320.)

Appellant did not mention the alleged late filing of the deposition in his written or oral motion for a continuance and filed no affidavit whatsoever in any of his attempts to show that he had good cause for a continuance. He has never attempted to show that he was prejudiced by the "late" filing or that his situation would have been altered one iota had the deposition been filed one, or two, or ten days earlier. Nor did he object to the introduction of the deposition into evidence at the very time he was arguing that he should have a continuance on other grounds.

As we pointed out in our first opinion, appellant's failure to file an affidavit showing good cause for continuance "would be sufficient reason for the lower court to refuse to grant a continuance even if the deposition had not been timely filed." (252 N. E. 2d at 511, 19 Ind. Dec. at 374.)

The petition for rehearing denied.

Hoffman, P.J., Pfaff and Sharp, JJ., concur.

NOTE.—Reported in 225 N. E. 2d 118.