## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 17 2016, 5:39 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEE |
|---|---|
| Paul J. Watts | Julie A. Camden |
| Spencer, Indiana | Camden & Meridew, P.C. |
| | Fishers, Indiana |

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Scott Haywood and Carin Haywood (AKA Carin Price) DBA Haywood's Auto Sales & Service,<br><br>*Appellants,*<br><br>v.<br><br>Circle Distributing, Inc.,<br><br>*Appellee* | August 17, 2016<br><br>Court of Appeals Case No. 67A01-1603-CC-701<br><br>Appeal from the Putnam Circuit Court<br><br>The Honorable Matthew L. Headley, Judge<br><br>Trial Court Cause No. 67C01-1408-CC-262 |

**Bailey, Judge.**

# Case Summary

[1] Circle Distributing, Inc., ("Circle") brought suit against Scott Haywood ("Scott") and Carin Haywood (collectively, "the Haywoods"), doing business as Haywood's Auto Sales & Services (collectively, "Haywood's Auto"), for breach of contract, unjust enrichment, and failure to pay account on a contract for auto parts. Following a bench trial where the Haywoods and their attorney failed to appear after a denial of a motion for continuance, the court entered a judgment in favor of Circle. Haywood's Auto now brings this appeal, in which it argues the trial court abused its discretion in denying its post-judgment motions challenging the court's denial of Haywood's Auto's motion for continuance. We affirm.

# Facts and Procedural History

[2] On October 13, 2013, Haywood's Auto and Circle entered into a credit agreement for the purchase and payment of automotive products, with a starting credit limit of $500.00 set to double every time Haywood's Auto paid its bill in full. (Tr. at 6) For four months, starting in December 2013, Haywood's Auto paid its bill with Circle on the day of each new delivery. However, starting in May 2014, Circle made deliveries without payment. After several attempts to procure payment from Haywood's Auto, Circle filed suit against Haywood's Auto in the Putnam Circuit Court, alleging breach of contract, unjust enrichment, and failure to pay.

[3] This matter was set to be tried at 9:00 a.m. on January 20, 2016. On January 19, Haywood's Auto filed a motion for continuance, citing a weather advisory for Putnam County. Haywood's Auto claimed in its motion that should the area receive the anticipated amount of snowfall, it would be impossible for an essential witness and Haywood's Auto's counsel, Paul Watts ("Watts"), to be present at the court at the scheduled time and place. (App. at 39) The court advised Haywood's Auto that it was not inclined to grant this motion. The next morning, the Haywoods, Watts, and the essential witness failed to appear in court for the trial. However, Circle's counsel and witnesses were able to make it to court despite a longer commute in similar road and weather conditions (App. at 66), as were the judge and all court staff. The court denied Haywood's Auto's motion for continuance and proceeded with the hearing. At the conclusion of the hearing, the court entered judgment in favor of Circle.

[4] After the hearing, Haywood's Auto filed a second motion for continuance, more appropriately characterized as a motion to reconsider, claiming that Haywood's Auto's counsel and witness were unable to attend due to "inclement weather and road conditions." (App. at 41) Furthermore, Scott himself was stuck between two accidents on I-70 and "working an emergency tow." (App. at 41) The court denied this motion as well.

[5] On February 12, 2016, Haywood's Auto filed a motion to correct error and, alternatively, a motion for relief from judgment. Haywood's Auto attached affidavits from Watts and Scott to its motion to correct error. In Watts's affidavit, he claimed that he was "iced in" at his residence in Monroe County

and was unable to make it to court that day. (App. at 47) Similarly, the essential witness, Watts's paralegal, was facing similar conditions at her residence in Owen County. (App. at 47) Watts advised the court of this difficulty at 8:00 a.m. on the day of the hearing. (App. at 47) Scott's affidavit states that he was responding to calls from the Putnam County Sheriff's Department for emergency tow services from 7:30 a.m. to 5:00 p.m. on the day of the hearing. (App. 53) Haywood's Auto attached the same documents to the motion for relief from judgment, and used the same arguments therein. Haywood's Auto thus alleged the court erred in denying its motion for continuance, and moved for this error to be corrected.

[6] After receiving Circle's objection to the motions, the trial court denied both the motion to correct error and the motion for relief from judgment. Haywood's Auto now appeals from the denial of these motions.

# Discussion and Decision

[7] Haywood's Auto appeals the denial of its motion to correct errors, which challenges the denial of its motion for continuance. At the outset, we note that this appeal does not involve a direct challenge to the merits of the trial court's judgment or to the amount of the judgment. Instead, we review only the court's denial of Haywood Auto's motion to correct error focusing on the denial of its motion for continuance for abuse of discretion.

[8]    A trial court is vested with broad discretion to determine whether it will grant or deny a motion to correct error. *Williamson v. Williamson*, 825 N.E.2d 33, 44 (Ind. Ct. App. 2005). Similarly, the decision to grant or deny a continuance is within the sound discretion of the trial court. *Hess v. Hess*, 679 N.E.2d 153, 154 (Ind. Ct. App. 1997). We thus review these decisions for an abuse of the trial court's discretion. *See, e.g.*, *J.P. v. G.M.*, 14 N.E.3d 786, 789 (Ind. Ct. App. 2014); *Verta v. Pucci*, 14 N.E.3d 749, 752 (Ind. Ct. App. 2014). An abuse of discretion occurs if the trial court's decision was against the logic and effect and circumstances before the court or if the court has misapplied the law. *Walker v. Kelley*, 819 N.E.2d 832, 836 (Ind. Ct. App. 2004).

[9]    Indiana Rule of Trial Procedure 53.5 states: "Upon motion, trial may be postponed or continued in the discretion of the court, and shall be allowed upon a showing of good cause established by affidavit or other evidence." When considering a motion for continuance, the moving party must be free from fault and show that his rights are likely to be prejudiced by the denial. *Scott v. Crussen*, 741 N.E.2d 743, 746 (Ind. Ct. App. 2000) (quoting *Danner v. Danner*, 573 N.E.2d 934, 937 (Ind. Ct. App. 1991)), *trans. denied*. "A denial of a motion for continuance is [considered to be an] abuse of discretion only if the movant demonstrates good cause for granting it." *Blackford v. Boone County Area Plan Com'n*, 43 N.E.3d 655, 664 (Ind. Ct. App. 2015) (quoting *Gunashekar v. Grose*, 915 N.E.2d 953, 955 (Ind. 2009)) (internal quotations omitted). Although an unavoidable absence of a party is good cause for a continuance, "it is not error to deny a continuance when the party fails to show a sufficient reason for his

absence." *Flick v. Simpson*, 252 N.E.2d 508, 512 (Ind. Ct. App. 1969), *reh'g denied*. Leaving this decision to the trial court's broad discretion is consistent with its duty to handle its business expeditiously. *Id.*

[10] Haywood's Auto asserts that the impending bad weather at the time of filing the first motion constituted good cause for a continuance, and thus, we should find the trial court abused its discretion by denying its motion. However, the record paints a different picture. When Haywood's Auto filed its first motion for continuance, the trial court indicated that it was not inclined to grant that continuance given the current weather and road conditions. (Tr. at 2) Scott himself did not make an attempt to attend the hearing in spite of that knowledge, choosing instead to go on emergency tow calls from the Putnam County Sheriff's Department. Furthermore, local schools were in session after a two-hour delay, and the opposing party and all their witnesses were in attendance in spite of longer commutes. (Tr. at 2) With this knowledge, the court determined that Haywood's Auto did not present good cause and failed to make arrangements to attend the hearing at its "own peril." (Tr. at 2) We conclude this rationale was not against the logic and effect of the circumstances before the court. As such, the trial court did not abuse its discretion in denying the motion for continuance, nor did it do so when it denied Haywood Auto's motion to correct error.[1]

---

[1] As previously mentioned, Haywood's Auto also filed a motion for relief from judgment under Trial Rule 60(B) that was denied with the motion to correct error; however, it failed to make a separate argument

Affirmed.


Barnes, J., concurs.
Riley, J., dissents with separate opinion.



thereon in its appeal. Haywood's Auto fails to demonstrate an abuse of discretion, and is thus not entitled to the extraordinary relief of T.R. 60(B).

# IN THE
# COURT OF APPEALS OF INDIANA

Scott Haywood and Carin Haywood (aka Carin Price) dba Haywood's Auto Sales & Service,

*Appellants-Defendants,*

v.

Circle Distributing, Inc.,

*Appellee-Plaintiff.*

Court of Appeals Case No. 67A01-1603-CC-701

**Riley, Judge dissenting**

I respectfully dissent from the majority's decision to affirm the trial court's denial of Haywood's Auto's motion for continuance. Generally, "upon a showing of good cause established by affidavit or other evidence," a trial may be continued at the discretion of the court. See Ind. Trial Rule 53.5. Here, the affidavit submitted by Haywood's Auto established that during the afternoon and night prior to the trial, a winter weather advisory was in effect for a five county area, with Monroe and Owen County each receiving 3.5 inches of snow, Putnam County getting 2 inches of snow, and with "solid ice on county roads."

(Appellant's App. p. 46). That afternoon, Haywood's Auto's counsel filed a motion requesting a continuance of the bench trial scheduled for the following morning, citing hazardous road conditions.

[13] Early the following morning, I-70 had been sporadically closed. At approximately 7:30 a.m. on the morning of the trial, Scott was instructed by the Indiana State Police to proceed to the scene of an accident "to provide emergency towing services." (Appellant's App. p. 52). While on his way, Scott's route was blocked by a collision of two semi-trailers. Scott reported the accident and remained on the scene. Haywood's Auto's counsel, again, by phone notified the trial court of the situation and renewed his request for continuance.

[14] Meanwhile, Scott was instructed by emergency and law enforcement personnel to hook his tow truck onto one of the tractor trailers to allow the injured driver, who was trapped inside, to breath. The driver was later transported to Indianapolis via Life-Line helicopter. After the driver was airlifted, Scott was instructed by the Indiana State Police to remain at the scene and to help remove the semi-trailers as the interstate was completely blocked and impassable. The Indiana State Police continued dispatching Scott to four other accidents until after 5:00 p.m. that day.

[15] Based on these facts, good cause existed to grant Haywood's Auto's motion for continuance. A weather advisory is not merely an inconvenience; rather, it is issued so people can use their best judgment whether to travel on hazardous

roads. Requiring Scott to ignore his obligation to provide emergency towing services and to leave an injured driver trapped in his semi-trailer contrary to the instructions of law enforcement officers in order to attend his bench trial would subject him to prosecution for refusing to aid an officer pursuant to Ind. Code § 35-44.1-3-3. Surely, the presumed exigencies of the trial court cannot take precedence to putting one's life at risk due to hazardous road conditions or to helping to save another individual at the request of law enforcement personnel. Because of the trial court's denial to continue the bench trial, an important witness was not able to testify. The absence of this witness led to a judgement that was not based on the merits of the case. Accordingly, I conclude that the trial court abused its discretion by refusing to grant a continuance.