## MACBETH EVANS GLASS COMPANY *v.* JONES.

[No. 21,878. Filed June 27, 1911.]

1. APPEAL.—*Briefs.—Waiver.*—Alleged errors not discussed are waived. p. 223.
2. CONSTITUTIONAL LAW.—*Laborers' Wages.—Attorneys' Fees.*—Sections 7996, 7999 Burns 1908, Acts 1887 p. 13, §§1, 4, providing for the recovery of wages and for attorneys' fees in the collection thereof, are constitutional. p. 223.
3. APPEAL.—*Briefs.—Omission of Evidence.—Supply in Reply Brief.*—Appellant's failure in its first brief to set out in words or substance the evidence in the case constitutes a waiver of any question depending upon an examination of the evidence; and a supply of such evidence by including it in the reply brief is unavailing. p. 223.
4. APPEAL.—*Weighing Evidence.*—The Supreme Court will not weigh conflicting evidence. p. 225.

From Grant Circuit Court; *H. J. Paulus,* Judge.

Action by Albert Jones against the Macbeth Evans Glass Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*B. H. Campbell* and *E. R. Call,* for appellant.

*Grant A. Deniler, Harley F. Hardin* and *Marshall Williams,* for appellee.

MORRIS, J.—This was an action by appellee against appellant. The complaint was in two paragraphs.

The first paragraph alleges that defendant is a corporation engaged in manufacturing glassware, as an article of merchandise; that in 1906, at defendant's request, plaintiff began working for defendant as an iron-mold blower, and continued in such employment until June, 1907; that defendant agreed to pay plaintiff the reasonable value of his services, which is $700; that there remains due and unpaid on the account $100; that in June, 1907, plaintiff demanded payment of the account, which was refused. It is further alleged that in bringing the action plaintiff was compelled to employ attorneys, and he demands judgment for the bal-

ance due him on account and the value of his attorneys' services.

The second paragraph alleges that plaintiff entered into a written contract with defendant in October, 1906, whereby plaintiff promised to work for defendant as an iron-mold blower, at its factory at Marion, and defendant promised to keep him in its employ for five years; that pursuant to the terms of the written contract, plaintiff worked for defendant until June, 1907, when defendant, without any fault on the part of plaintiff, discharged him; that during the time of his employment he earned, under the terms of the contract, $700, of which sum $70 is due and unpaid; that demand therefor was made and refused in June, 1907; that plaintiff was compelled to employ attorneys to bring this action, and judgment is demanded for the balance of the account and the value of plaintiff's attorneys' fees. The complaint was filed August 20, 1907. The written contract was not filed with the second paragraph of the complaint, because, as alleged, it was in the possession of defendant, who refused to permit plaintiff to take, copy or see it.

Defendant filed an answer in three paragraphs, as follows: The first is a general denial; the second alleges payment, and the third alleges a written contract of employment for five years, a copy of which is filed with the answer, and. by the terms of which, ten per cent of the wages earned was to be retained by defendant as a guarantee for the faithful performance of the contract, and for any breach of which the money so retained was to be paid to the company as liquidated damages for the breach. It is further alleged that plaintiff worked for a period under the terms of the contract, and afterwards voluntarily, without the consent of defendant, quit its service; that the money sued for in the complaint is the ten per cent retained, and by reason of plaintiff's breach of the contract, in voluntarily quitting defendant's service, he ought not to recover.

There was a trial by the court, and finding and judgment

for plaintiff for the amount of the account sued on, and the further sum of $25 for attorneys' fees.

Appellant filed a motion for a new trial, assigning four reasons therefor, viz.: The decision is contrary to law and is not sustained by sufficient evidence, the assessment of the amount of recovery is erroneous, being too large, and the court erred in admitting in evidence testimony of the value of plaintiff's attorneys' fees.

Appellant, in this court, assigns two errors: The overruling of its motion for a new trial, and that the 1. complaint does not state facts sufficient to constitute a cause of action. The latter is waived by failure to discuss it in appellant's brief.

The lower court made an allowance for plaintiff's attorneys' fees under §§7996, 7999 Burns 1908, Acts 1887 p. 13, §§1, 4. Appellant contends that such action was 2. unwarranted, because this statutory provision violates article 1, §23, of our Constitution. The contrary was held by the court in the case of *Macbeth Evans Glass Co.* v. *Amama* (1911), *ante*, 1.

At the trial of the cause it was admitted that appellee earned during his employment $714.35, and that the amount paid to him was $643.45. The judgment of the lower 3. court was for the difference between said amounts, and for attorneys' fees. Appellant contends that the court erred in overruling the motion for a new trial, because the evidence shows that plaintiff was working under the written contract, and that he voluntarily quit defendant's service, and thereby forfeited any right to the ten per cent retained wages. Appellee meets this contention with the proposition that the court is not bound to consider any point requiring an examination of the evidence, because appellant in its brief wholly failed to incorporate therein a condensed recital of the evidence, in narrative form. The only attempt to comply with the fifth clause of rule twenty-two of this court, in the preparation of appellant's brief, was a state-

ment of counsels' conclusion as to the facts established. It does not state the name of any witness, whether the evidence was written or oral, or whether given for plaintiff or defendant. Appellant's brief was filed December 4, 1908. Appellee's brief was filed December 31, 1908. On January 22, 1909, appellant filed a petition for leave to amend its brief so as to comply with the rules of the court. If this petition was ever presented to the court, or any action taken on it, the record does not disclose the fact. On March 19, 1909, appellant voluntarily withdrew its petition for leave to amend its brief. On February 8, 1909, appellant filed its reply brief, which supplied the defects in the original.

The only part of the evidence set out in appellee's brief is the following from appellee's testimony: "I entered the employ of the Macbeth Evans Glass Company under the contract some time in July, 1906, and remained in its employ until the latter part of May, 1907. The occasion of my leaving the employ of the company at that time, was that Michael O'Connor discharged me. He was foreman over the men, and had authority to discharge employes of the factory."

No doubt, on proper showing, the Appellate Court would have granted appellant's petition to amend the brief. If this had been done, appellee would have had an opportunity to answer the matters set out by the amendment. Appellant chose to insert the new matter in his reply brief. Under the rules, appellee had no right to file another brief. The Appellate Court might, on application, have granted appellee the right, under such circumstances, to file an additional brief; but we do not believe that such a burden should be placed on an appellee. It is not necessary here to set out the reasons for the adoption of the rules of the Supreme and Appellate Courts, nor the construction placed thereon by the courts. That has been done before. *Gates* v. *Baltimore, etc., R. Co.* (1900), 154 Ind. 338; *Kelley* v. *Bell* (1909), 172 Ind. 590; *Ireland* v. *Huffman* (1909), 172 Ind. 278; *Albaugh*

*Bros., etc., Co.* v. *Lynas* (1911), 47 Ind. App. 30, and cases cited.

We therefore conclude that appellee is correct in his claim that it is not the duty of this court to examine the evidence to determine whether this cause should be reversed.

However, the record is very brief, and we have examined it.

Only two witnesses testified for plaintiff. One Harden gave evidence as to the value of the attorneys' services. No witness testified on behalf of defendant. It 4. merely offered in evidence the written contract on which it based its defense in the third paragraph of answer. This was admitted in evidence, and thereupon the plaintiff rested. The burden was on defendant to establish the fact that plaintiff voluntarily quit its service. The lower court found for the plaintiff on this issue. While plaintiff's testimony is in some respects contradictory, this court is not warranted in holding that the lower court erred in its finding for plaintiff in regard to the terminating of his service.

Appellee maintains that the written contract did not bind him to remain in appellant's employ for any definite period. In view of the conclusion reached, it is unnecessary for the court to construe the contract and consider the question of the validity of the forfeiture clause therein, and no opinion on that question is expressed.

There is no reversible error in the record. Judgment affirmed.