## ROKVIC v. STATE OF INDIANA.

[No. 24,384. Filed April 3, 1924.]

1. CRIMINAL LAW.—*Affidavit.—Misjoinder.—Election by State.* —If an affidavit shows on its face that separate offenses, relating to different transactions, are improperly joined in different counts, the affidavit may be quashed, and if it appears from the evidence that two separate offenses, relating to different transactions, are improperly joined, the court may require the State to elect as between them. p. 453.

2. CRIMINAL LAW.—*Affidavit or Indictment.—Charging Different Offenses.—Requiring State to Elect.*—Different crimes of the same character, growing out of the same transaction, may be charged in separate counts of the same affidavit or indictment, and the State cannot be compelled to separate or elect. p. 454.

Rokvic v. State—194 Ind. 450.

3. CRIMINAL LAW.—*Misjoinder of Offenses.—Separation of Counts.—Requiring State to Elect.—When Discretionary with Court.*—Until it affirmatively appears that offenses of a different character, or relating to different transactions, have been improperly joined, the action of the court as to requiring a separation of counts or the State to elect is discretionary. p. 454.

4. CRIMINAL LAW.—*Indictment or Affidavit.—Charging two Offenses Growing out of Same Transaction.*—In a prosecution for the theft of automobile accessories, the court did not err in overruling defendant's motion to require the State to separate its counts of the affidavit, where the first count charged defendant with the taking of automobile accessories contained in or forming a part of an automobile, and of the value of $25, and the second charged grand larceny of the same property at the same time and place, since the two counts showed on their face that they were crimes of the same character and related to the same transaction, and each necessarily included the element that the property was taken without the consent of the owner. p. 454.

5. CRIMINAL LAW.—*Misjoinder of Counts in Affidavit.—Ruling on Motion to Separate.—When Harmless Error.*—When there was a conviction on one only of two counts in an affidavit, the defendant was not harmed by the court overruling his motion to separate the counts. p. 454.

6. CRIMINAL LAW.—*Instruction.—Omission of Word.—Jury not Misled.*—The omission of a word from an instruction, which was so obvious that a jury composed of persons of ordinary intelligence could not have been misled, but would have understood the instruction to mean the same as if the omitted word had been inserted, was not harmful. p. 454.

7. CRIMINAL LAW.—*Two Counts in Affidavit.—Instruction Applicable to One Count.—Limiting to One Count.—Statute.*—In a prosecution for taking automobile accessories contained in or forming a part of an automobile, where the affidavit, in one count, charged a violation of the Vehicle Taking Act (§2301c Burns' Supp. 1921, Acts 1921 p. 494) and, in the other, charged grand larceny of the same articles, the giving of an instruction relating to the charge of grand larceny without limiting it to the charge in the second count, was not erroneous, as the jury would clearly understand that it referred to the charge in that count. p. 456.

8. CRIMINAL LAW.—*Vehicle Taking.—Instruction as to Possession of Stolen Property.—Statute.*—In a prosecution for a violation of the Vehicle Taking Act (§2301c Burns' Supp. 1921, Acts 1921 p. 494), an instruction which stated the presumption

that arises when property recently stolen is found in possession of the accused was not error, as the same presumption would arise when the charge is vehicle taking. p. 456.

9. CRIMINAL LAW. — Appeal. — Briefs. — Reply Brief. — New Points not Raised by.—It is not the function of appellant's reply brief, to point out objections not contained in his original brief, and any new points included in a reply brief will be disregarded. p. 456.

10. CRIMINAL LAW.—Appeal.—Instruction.—Invited Error.— Where the appellant requested the giving of an instruction substantially the same as one given by the court, he cannot complain, on appeal, of the instruction given by the court. p. 457.

11. CRIMINAL LAW.—Appeal.—Instruction.—Estoppel to Make Objection.—Where appellant admitted in his original brief that an instruction was proper as to one count of the affidavit, he is estopped to question such instruction in his reply brief. p. 457.

12. VEHICLE TAKING.—Elements of Crime.—Felonious Taking Unnecessary.—Without Consent of Owner.—Statute.—A felonious taking is not necessary to constitute the crime of "vehicle taking" as defined by §2301c Burns' Supp. 1921, Acts 1921 p. 494, but it is necessary that the property be taken without the consent of the owner. p. 457.

13. CRIMINAL LAW.—Charge in Two Counts.—Instruction Applicable to One Only.—In a prosecution charging in two separate counts the crime of "vehicle taking" and grand larceny of the same articles and a butchered calf, an instruction that if the jury found that the defendant did take, steal and carry away the property described, or any part thereof, in excess of the value of $25, and that it was the property of the prosecuting witness and that it was taken for the purpose of depriving the owner of its use, it should find the defendant guilty, while not limited to the charge of grand larceny, was not reversible error where the court gave another instruction to the effect that, to find the defendant guilty under the other count, it must find that the articles consisted of accessories on, or forming a part of, an automobile operated by explosive power, and that such articles were of the value of $25, as the jury would not be led to believe that it could find the defendant guilty of vehicle taking for stealing a butchered calf. p. 458.

14. CRIMINAL LAW.—Instructions.—Requested Instruction Covered by Instructions Given.—Refusal Not Error.—In a criminal prosecution, there is no error in refusing to give a requested instruction which is fully covered by instructions given. p. 459.

15.  VEHICLE TAKING.—*Evidence.*—*Sufficiency.*—In a prosecution
for the theft of automobile accessories under the law defining
the crime of "vehicle taking" (§2301c Burns' Supp. 1921, Acts
1921 p. 494), evidence *held* sufficient to sustain conviction.
p. 459.

From Vigo Circuit Court; John P. Jeffries, Judge.

Prosecution by the State of Indiana against Mele
Rokvic for a violation of the statute defining the crime
of "vehicle taking." From a judgment of conviction,
the defendant appeals. *Affirmed.*

*Miller, Beeler & Causey,* for appellant.

*U. S. Lesh,* Attorney-General, and *D. F. Stansbury,*
for the State.

GAUSE, J.—Appellant was convicted upon the first
count of an affidavit which charged in that count a vio-
lation of the crime known as vehicle taking as defined
by §2301c Burns' Supp. 1921, Acts 1921 p. 494, and the
second count of which charged grand larceny.

The property which the first count charged appellant
with taking, without the consent of the owner, was de-
scribed as three tires of the value of $30 each, three
rims of the value of $3 each, and three tubes of the
value of $2.50 each, all of the value of more than $25
and all forming part of an auto truck which was a
vehicle operated by explosive power.

The second count charged the larceny of the same
described property at the same time and place, except
that this count also included a charge of stealing one
butchered calf, in addition to the other property.

Appellant was convicted upon the first count and
there being no express finding upon the second count,
the result was his acquittal upon this count.

Before the trial, appellant filed a motion asking that
the state be required to "separate its counts" for
1. the reason that said affidavit charged two sepa-
rate and distinct offenses. The court overruled

this motion. This was not error. If an affidavit *shows upon its face* that separate offenses, relating to *different transactions,* are improperly joined in different counts, the affidavit may be quashed. If it appears from the evidence that two separate offenses relating to different transactions are improperly joined, the court may then require the state to elect as between them.

Different felonies of the same character, growing out of the *same transactions,* may be charged in separate counts of the same affidavit or indictment, and 2, 3. the state cannot be compelled to separate or elect.

Until it affirmatively appears that offenses of a different character or relating to different transactions have been improperly joined, the action of the court with reference thereto is discretionary. *McGregor* v. *State* (1860), 16 Ind. 9; *Griffith* v. *State* (1871), 36 Ind. 406; *Glover* v. *State* (1887), 109 Ind. 391; Ewbank's Criminal Law, §§265, 266.

We know of no practice authorizing such a motion as appellant filed in this case, unless it has the effect of a motion to require the state to elect, but in view of the above authorities, he was not harmed by such ruling.

The two counts showed upon their face that felonies of the same character, relating to the same transaction, were charged in each count. Each charged 4-6. the felonious taking of the property of the same person at the same time, and each necessarily included the element that the property was taken without the consent of the owner. The only difference being that to sustain the first charge it had to be shown that some of the property described and of the value of §25 or more was an accessory and forming a part of a vehicle operated by explosive power. One who steals property of this character may be guilty of either one of said crimes.

Of course, to be guilty under the second count, he must have had the intention to deprive the owner of his property, and it would include a taking without the owner's consent; while under the first count, if it was taken without the owner's consent, it would not be material whether the defendant had the intention to deprive him of his property or not. The fact that the same acts may constitute more than one offense of the same character, but one of such offenses may lack some elements that the other requires, is one of the reasons for making the charge in separate counts, and there is no valid objection to such practice so long as the offenses are of the same character and grow out of the same transaction. Furthermore, appellant being found guilty upon only one count, he was not harmed by the overruling of this motion. *Reed* v. *State* (1897), 147 Ind. 41; *Myers* v. *State* (1883), 92 Ind. 390.

Appellant challenges the correctness of four separate instructions given by the court, at the request of the state.

In instruction No. 12, the court evidently omitted one word, but the instruction as given could not have misled the jury to the harm of appellant. Said instruction, with the omitted word enclosed in parentheses, is as follows: "While it is the law that every person charged with the commission of a crime is presumed to be innocent until his guilt is established beyond a reasonable doubt, yet, if the evidence is so strong and conclusive as to overcome the presumption of innocence, under the law (it) will avail nothing to the defendant and under such circumstances you should convict." Presuming that the jury was composed of persons of ordinary intelligence, as we must, the quoted instruction would be understood as meaning the same as if the omitted word, or words of similar import, had been inserted. When the meaning is clear, a technical ver-

bal inaccuracy, which does not affect the meaning, will not be sufficient to reverse a cause. *Bredenderf* v. *State* (1923), 193 Ind. 675.

Appellant complains of instruction No. 25. The first objection made to this instruction is that it assumes a theft of the property involved. We do not think the instruction is subject to that fault. It does not assume that there had been a theft of the property in controversy, but only undertakes to state what presumption arises when property recently stolen is found in the possession of a person. The only other objections urged in appellant's Points and Authorities to this instruction are to the effect that it stated the law relating to the charge of the second count, but that the court did not limit it to the charge in this count. An examination of this instruction, in connection with other instructions given relating to the charge contained in the first count, convinces us that the jury would clearly understand it referred to the charge of larceny as charged in count two.

Furthermore, possession of the stolen property by the defendant, under circumstances that would raise a presumption that the defendant stole the property, where the charge was larceny, would certainly raise a like presumption when the charge was vehicle taking.

Appellant in his reply brief seeks to point out objections to this instruction which were not contained in his original brief and which were not covered by his Points and Authorities. This is not the office of a reply brief filed after appellee has filed its answer brief. *Macbeth Evans Co.* v. *Jones* (1911), 176 Ind. 221; *Gates* v. *Baltimore, etc., R. Co.* (1900), 154 Ind. 338; *Kelley* v. *Bell* (1909), 172 Ind. 590.

If the objection first raised in the reply brief had

Rokvic v. State—194 Ind. 450.

been properly raised, it would seem that instruction No. 20, requested by appellant and given by the court, was just as objectionable for the same reason urged in the reply brief, so that appellant cannot be heard to complain.

Appellant also in his argument appended to his original brief admits that this instruction No. 25 may be a proper one as to a charge of larceny. In view of the foregoing, the appellant will not be heard in his reply brief to contend that such instruction is faulty as to the charge of larceny. *Duncan* v. *State* (1908), 171 Ind. 444, 447. ·

Complaint is made of instruction No. 26 given by the court. This instruction attempts to enumerate the facts necessary to be found to convict the appellant under the first count. It is first urged that it does not inform the jury that the property must have been feloniously stolen. This is not a necessary element of the crime of vehicle taking under the statute.

It is next urged that it does not state that the property must have been taken without the consent of the owner. This is a necessary element, but the uncontradicted evidence was that the property had been taken without the owner's consent.

The undisputed evidence showed that a part of the property described had been feloniously taken from the owner without his consent and was in the possession of the appellant a short time thereafter. Appellant's defense was that he had bought the property, which consisted of automobile tires, of a junk dealer the day after they were taken from the owner. The only disputed fact regarding this property was whether the appellant was the one who took the tires or whether he purchased them of the junk dealer. The court instructed the jury very fully on this question, so that the disputed ques-

tion was submitted fairly to the jury. The jury was not misled by this instruction.

Complaint is made of instruction No. 27 and counsel for appellant in their argument say that it is clearly good as to the charge of larceny contained in the second count, but is not good as applied to the first count. The instruction did not in words limit its application to the second count, but told the jury that if they found that appellant at about the time charged did take, steal and carry away the property described, or any part thereof, in excess of the value of $25; and that it was the property of the prosecuting witness and that it was taken for the purpose of depriving the owner of its use, they should find the defendant guilty.

In view of other instructions describing the charge in each count, and instruction No. 26 having expressly stated that to find appellant guilty under the first count they must find, among other things, that the articles consisted of accessories on, or forming a part of, an auto truck operated by explosive power, and that such articles were of the value of more than $25, the jury would not be misled into believing that under instruction No. 27 they could find the appellant guilty of vehicle taking for stealing a butchered calf, as urged by appellant.

The second count charged larceny of the same property as was charged in the first count, and also the larceny of a butchered calf. The only evidence relating to the butchered calf was that it disappeared at the same time the tires were taken. The jury having found appellant guilty upon count one, which made no mention of the calf, it cannot be seriously contended that the jury included this in finding that appellant took $25 or more in value of automobile accessories.

Appellant's requested instruction No. 18, relating to

circumstantial evidence, was fully covered by in-
14. structions Nos. 12 and 13 given at the request
    of appellant.

Appellant attacks the sufficiency of the evidence and
urges that the verdict is contrary to law.   The evi-
dence shows without dispute that certain auto-
15. mobile tires were stolen off a truck owned by
    the prosecuting witness.   There was some dis-
pute about the identification of some of the tires, but
none as to others.   The evidence shows that soon after
such taking, they were found in the exclusive posses-
sion of appellant, and there is ample evidence from
which the jury was justified in believing that appellant
gave a false account of his possession of the same.

When he was found in possession of the-stolen prop-
erty, he said he had bought it of a designated person.
This person denied he had ever made such a sale or
had any of the property in his possession.   The evi-
dence also showed that the part of the automobile ac-
cessories which was positively identified as belonging
to the prosecuting witness was of the value of more than
$25.   The evidence was sufficient to sustain every fact
necessary for a conviction under the first count.   *Rosen-
berg* v. *State* (1922), 192 Ind. 485.

Judgment affirmed.