Frederick L. ARON, Appellant,

v.

STATE of Indiana, Appellee.

No. 379S64.

Supreme Court of Indiana.

Aug. 24, 1979.

Charles F. Leonard, Deputy Public Defender, Ft. Wayne, for appellant.

Theo. L. Sendak, Atty. Gen., Gordon E. White, Jr., Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted of rape by an Allen County jury and was sentenced to a term of 30 years.

The record reveals: On January 8, 1978, at 4:00 p. m., the fourteen-year-old victim left her home to go to work at Link's Skating Rink. As she walked along Holton Street, she was grabbed by the neck from behind. The assailant, later identified as appellant Frederick Aron, told her to "shut up and you won't get hurt." Threatening her with a knife, appellant led the victim through a yard, down an alley, and finally into an abandoned house at 1416 Hurd Street. Once inside, appellant demanded and was given the victim's money. He then took her to an upstairs room and ordered her to remove her clothing. When she refused, he struck her in the face. Appellant and the victim struggled over the knife, after which appellant threw her to the floor and began choking her with his scarf. The victim lost consciousness. When she regained consciousness, appellant tied her arms and legs, and then forcibly raped her. The victim scratched appellant's neck during the struggle and made an unsuccessful attempt to grab the knife. Following the sexual assault, appellant told the victim not to tell anyone about the incident since "they ain't going to believe you anyway."

■ Appellant claims the trial court erred in refusing to grant his motion for continuance. Appellant had alleged in the motion that the State had not provided him with the series of photographs used by the police and victim in identifying appellant. The trial court's ruling on a motion for continuance lies within its sound discretion and will be reversed only where a manifest abuse of discretion is shown. TR. 53.4; *Works v. State* (1977) 266 Ind. 250, 362 N.E.2d 144. Here, appellant received the photos the day before trial. His motion to suppress the out-of-court identification was fully litigated in a hearing prior to the trial. Further, during cross-examination of the victim at trial, defense counsel interrogated the victim regarding the photographic display and eventually introduced the photos

in evidence. We can discern no prejudice to appellant from the denial of his motion for continuance. The trial court therefore did not abuse its discretion in overruling the motion.

■ Appellant next asserts that the victim should not have been permitted to testify as to her out-of-court and in-court identification of appellant. An unduly suggestive lineup of photographic display which creates a substantial likelihood of misidentification is not admissible in evidence. *Neil v. Biggers* (1972) 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401; *Fields v. State* (1975) 263 Ind. 550, 333 N.E.2d 742. A review of the evidence adduced at the hearing on appellant's motion to suppress reveals that this photographic identification was not unduly suggestive. The investigating police officer testified that she initially showed the victim a stack of photographs from which the victim was unable to point out her assailant. Later, following a detailed description of the attacker by the victim, the officer selected seven photos of young men with features and physical builds similar to the description. The officer did not tell the victim that her attacker was among the seven. She simply told the victim to point out the one if she saw him. The victim corroborated this version in her testimony at the hearing. It is clear that this testimony does not give rise to a finding that the photographic display was unduly suggestive. Moreover, the victim testified at trial that the incident lasted about one-half hour and that she was able to observe appellant's facial features at close range during most of this time. This testimony establishes an independent basis for the identification of appellant. Accordingly, the identification was properly admitted. *Cox v. State* (1978) Ind., 372 N.E.2d 176.

■ In his brief, appellant raises the question of the sufficiency of the evidence to support the verdict. The point, however, is not argued or even mentioned in the body of the brief. Thus, the issue must be deemed waived. AP. 8.3(A)(7); *Foster v. State* (1974) 262 Ind. 567, 320 N.E.2d 745. Nevertheless, in the interest of justice, we

will review the issue on its merits. When reviewing a case for sufficiency of the evidence, we do not weigh evidence or judge the credibility of witnesses. We will not disturb the verdict of the jury if we find from the evidence most favorable to the State substantial evidence of probative value to support the elements of the crime charged. *Colbert v. State* (1978) Ind., 376 N.E.2d 485.

The above recital of facts was taken from the testimony of the victim. In addition, the investigating officers searched the abandoned house at 1416 Hurd Street. They found blood and some of the victim's belongings in an upstairs room. The victim's claim that she had been raped was corroborated by the expert testimony of the examining physician at the hospital and a police chemist who performed tests on the victim's clothing. This evidence, as well as other evidence in the record, is substantial evidence of probative value and is sufficient to uphold the verdict of the jury.

The judgment of the trial court is in all respects affirmed.

DeBRULER, HUNTER, PIVARNIK and PRENTICE, JJ., concur.