Steven U. MOREDOCK, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 49S00–8607–CR–00690.

Supreme Court of Indiana.

Nov. 6, 1987.

Reginald B. Bishop, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Steven U. Moredock, Appellant, was charged on May 28, 1985 with Robbery, a class B felony, Confinement, a class D felony, Resisting Arrest, a class D felony, and Carrying a Handgun Without a License, a class A misdemeanor. The State also filed notice of intent to have Moredock sentenced as an habitual offender. He was convicted on these charges and sentenced for a period of twenty (20) years to the Department of Corrections. Moredock was also determined to be an Habitual Offender and the court enhanced the sentence for robbery by thirty (30) years to a total of fifty (50) years. His Motion to Correct Errors was overruled and he appealed directly to this Court.

Moredock presents the following issues for review:

1. sufficiency of the evidence regarding the robbery, confinement, and handgun charges;

2. trial court error in admitting Moredock's confession into evidence;

3. sufficiency of the evidence regarding the Habitual Offender charge; and

4. error in sentencing Moredock.

The facts which support the verdict are as follows:

On May 24, 1985, Moredock and Thomas Grant Beard, a/k/a Thomas Grant Cowheard entered an Indianapolis 7–11 Supermarket. Beard carried a sawed-off shotgun, which he pointed directly at assistant manager Jerry Brown who stood in the market office. Beard demanded money, and handed Brown a pillowcase. After Brown filled the pillowcase Beard emptied two cash registers. During this time Moredock stood near the entrance of the store, and used a handgun to usher incoming customers aside. Beard then took the store security guard's .357 revolver from his holster and ordered him to lie on the floor. Beard and Moredock fled the scene.

During the robbery Brown activated the store's silent alarm. Within a few minutes after the alarm was pressed, IPD Officer Stan Anderson arrived. Anderson observed two suspects get into a blue car. He turned on his red lights and siren and chased the suspects at a high rate of speed. During the chase the passenger of the vehicle, since identified as Moredock, fired shots at Anderson but hit nothing. The chase ended when the suspects' car crashed into a stop sign.

Moredock fled and escaped, but Anderson apprehended Beard and recovered a .22 caliber pistol from his pocket. Officer Ron Black, who had come to Anderson's aid, found Moredock hiding near a garage.

The robbery occurred at approximately six o'clock that evening. At approximately 12:15 a.m., after being advised of his *Miranda* rights, Moredock made a statement to Detective Richard Combs. He admitted to being Beard's accomplice and agreed to show Combs where he had hidden the sawed-off shotgun. He took Combs to an abandoned house where the gun was recovered.

## I

■ Moredock challenges the sufficiency of the evidence as to the robbery and confinement convictions, based solely on the grounds the evidence showed he is not the one who committed the direct acts in commission of those crimes. He claims the evidence showed it was Beard who physically took the money from the employees, took the gun from the store security guard and ordered him to lie on the floor and not move. There is, of course, no merit to these contentions. An accomplice is criminally responsible for all acts committed by his confederates which are done in the probable and natural consequence of the common plan. *Harris v. State* (1981), Ind., 425 N.E.2d 154, 156; Ind.Code Ann. § 35–41–2–4 (Burns 1985). Evidence indicating the accomplice acted in concert with those who physically committed the elements of the crime is sufficient to support a conviction on the accessory theory. *Fox v. State* (1986), Ind., 497 N.E.2d 221, 227. Moredock also challenges the sufficiency of evidence on the conviction for carrying a handgun without a permit by claiming there was no evidence that he did so. His contention here is in direct conflict with the evidence wherein witnesses stated that he stood by the door holding a handgun and threatened the employees and customers who came into the store during the perpetration of the robbery. We neither reweigh the evidence nor judge the credibility of the witnesses when sufficiency is challenged on appeal. Rather, we look at the evidence most favorable to the State together with all reasonable inferences to be drawn therefrom. If there is substantial evidence of probative value from which the jury could have reasonably inferred guilt beyond a reasonable doubt, the conviction will be affirmed. *Tyra v. State* (1987), Ind., 506 N.E.2d 1100, 1102. The evidence supported the jury in its finding of Moredock's guilt in these crimes beyond a reasonable doubt.

## II

Moredock further contends the trial court erred in admitting his confession into evidence. He asserts his confession was not knowing or voluntary because he did not receive a second *Miranda* warning prior to showing Officer Combs where the sawed-off shotgun was located.

■ When such an issue arises, the State has the burden to prove beyond a reasonable doubt the defendant voluntarily and intelligently waived his rights. *Partlow v. State* (1983), Ind., 453 N.E.2d 259, 268, *cert. den.* 464 U.S. 1072, 104 S.Ct. 983, 79 L.Ed.2d 219, citing *Chandler v. State* (1981), 275 Ind. 624, 419 N.E.2d 142; *Shepler v. State* (1980), 274 Ind. 331, 412 N.E.2d 62. To determine whether a statement was given voluntarily, this Court will look to all the surrounding circumstances to discern if it was induced by any violence, threats, promises, or other improper influences. *Shelton v. State* (1986), Ind., 490 N.E.2d 738, 741. If at the commencement of a custodial interrogation the suspect has been given an advisement and waived his rights in accordance with *Miranda* guidelines, that advisement need not be repeated so long as circumstances attending any interruption or adjournment of process are such that the suspect has not been deprived of the opportunity to make an informed and intelligent assessment of his interests involved in the interrogation, including the right to cut off questioning. *Partlow, supra,* at 268, 269.

■ The record contains the original copy of Moredock's signed waiver of his *Miranda* rights. Detective Combs testified Moredock asked to make a statement, and that he was advised of his *Miranda* rights prior to making the statement. Combs testified the questioning, taking the statement, and locating the gun took place over a short period of time. Combs described it as being a "continual effort." Moredock identifies no factor which indicates he was deprived of an opportunity to assess his interest in continuing to cooperate with police so as to render additional *Miranda* warnings necessary.

The trial court did not err in overruling Moredock's motion to suppress.

## III

At the close of the evidence in the habitual offender phase of the trial, Moredock

filed a motion for judgment on the evidence, claiming the State's evidence failed to prove beyond a reasonable doubt that each commitment was for a felony and also failed to prove the proper statutory sequence. The Court overruled this motion. That issue is presented to us here on appeal.

Moredock does not deny the State placed into evidence documentation showing he committed two prior unrelated felonies, and that he was clearly identified by photos and fingerprints as the perpetrator. Difficulty arose when Moredock requested not all of the documents be shown to the jury because certain facts tended to show commission of other crimes that would be prejudicial to him. The prosecutor then agreed to read the pertinent portions of the documents to the jury, omitting the prejudicial matters to which Moredock referred. Moredock now claims the portions read by the prosecutor were not sufficient to establish that his prior unrelated crimes were felonies and, further, did not show the proper statutory sequence justifying the finding of habitual offender. It is obvious Moredock is complaining of an alleged shortcoming in the evidence which he created. However, we do not need to resolve the issue on those grounds since the transcript clearly shows the portions of the documentation the prosecuting attorney read to the jury established the commission of two prior unrelated felonies in proper statutory sequence. From the documents the prosecutor read to the jury, Moredock was found guilty of attempted theft, a class D felony, for which he received two (2) years; carrying a handgun without a license, a class D felony, for which he received a term of four (4) years; and confinement, a class D felony, for which he received a term of two (2) years. This was sufficient evidence from which the trier of fact could determine Moredock's prior crimes were, in fact, felonies. *Shelton, supra,* at 744.

■ To show a proper sequence to sustain a sentence under the habitual offender statute, Ind.Code Ann. § 35–50–2–8 (Burns Supp.1987), the State must show the defendant had been twice convicted and twice sentenced for felonies, that the commission of the second offense was subsequent to his having been sentenced upon the first, and that the commission of the principal offense upon which the enhanced punishment is being sought was subsequent to his having been sentenced upon the second conviction. *Steelman v. State* (1985), Ind., 486 N.E.2d 523, 526; *Miller v. State* (1981), 275 Ind. 454, 417 N.E.2d 339. The prosecutor read from State's Exhibits 16 and 17 showing Moredock had been found guilty of two separate charges of attempted theft, a class D felony. It is not clear from the portions read when either of these crimes was committed. Exhibit 16 shows Appellant arrested on October 7, 1983 and a commitment for attempted theft on April 6, 1979. He was given a term of two years. This conviction and commitment obviously refer to two different crimes. Exhibit 17 shows a date of December 21, 1978, but does not show what that date refers to except to imply it is the alleged date of commission of the act. It then demonstrates that on April 6, 1979, Moredock was found guilty of attempted theft, a class D felony, and on that same date was sentenced to a period of two years to the Department of Corrections. Exhibit 18 states Moredock was charged with carrying a handgun without a permit, a class D felony, which act was committed on December 2, 1980. This placed the commission of the handgun charge subsequent to the conviction and sentencing for the attempted theft in Exhibit 17. Exhibit 18 further shows that Moredock was convicted of the handgun charge in 1983 and was sentenced on that date for a period of four (4) years. Other exhibits showed convictions and sentencings of Moredock for other crimes but it is not necessary to go further. The charges in the instant case were proven to have been committed on 24 May 1985, so the statutory sequence was properly demonstrated.

IV

■ Finally, Moredock claims the trial court erred in several respects in sentencing. Moredock first claims the twenty (20)

year sentence on the class B felony enhanced by thirty (30) years for habitual offender was unreasonable and disproportionate considering the offense and character of the offender. He further contends the sentence was disproportionate in light of the fact that Thomas Beard, the principal participant in the crime, received only a six (6) year prison sentence. Moredock claims Thomas Beard plea bargained with the State in which he entered a plea of guilty to robbery and received a six (6) year sentence. We have only Moredock's statement on this as nothing is contained in the record on the subject. If it is a fact however, that Beard plea bargained with the State for a lesser term, that is irrelevant to the issue here. This Court will revise a sentence authorized by statute only when the sentence appears to be manifestly unreasonable in light of the nature of the offense and the character of the offender. A sentence is not manifestly unreasonable unless no person could find such sentence appropriate to the particular offense and offender for which the sentence was imposed. R.App.Rev. Sentences 2. The trial court's findings are supported by the evidence. The trial court found as aggravating circumstances that Moredock committed the instant crimes while he was on parole, that he now has six felony convictions, that he is in need of correctional rehabilitative treatment because of his prior conduct, and that imposition of any lesser sentence would depreciate the seriousness of the offenses. Based on these findings Moredock was sentenced to twenty (20) years for the robbery conviction, enhanced by thirty (30) years for the habitual finding. This is within the statutory limits. In considering the nature of the offenses and character of the offender, we do not find the sentence manifestly unreasonable or demonstrative of an abuse of discretion.

■ Moredock further claims trial court error in sentencing him to an additional thirty (30) years under the habitual offender statute, IC 35-50-2-8. He contends subsection (h) exempts him from habitual offender status entirely, or alternatively, that subsection (e) requires a ten (10) year reduction of his sentence. Subsections (e) and (h) read as follows:

(e) The court shall sentence a person found to be an habitual criminal to an additional fixed term of thirty (30) years imprisonment to be added to the term of imprisonment imposed under section 3, 4, 5, 6, or 7 [35-50-2-3, 35-50-2-4, 35-50-2-5, 35-50-2-6 or 35-50-2-7] of this chapter. If the court finds that ten (10) years or more have elapsed between the date the person was discharged from probation, imprisonment, or parole (whichever is later) for the last prior unrelated felony conviction and the date he committed the felony for which he is being sentenced as an habitual offender, then the court may subtract up to twenty-five (25) years from the additional fixed term of thirty (30) years. If at least one (1) of the offenses relied upon to establish that the person has accumulated two (2) prior unrelated felonies is a class D felony, then the court may subtract up to ten (10) years from the additional fixed term of thirty (30) years. If the felony for which the person is being sentenced is a class D felony, then the court may subtract up to twenty (20) years from the additional fixed term of thirty (30) years....

(h) A person may not be sentenced as an habitual offender under this section if all of the felonies relied upon for sentencing the person as an habitual offender are class D felonies.

Moredock is incorrect that subsection (h) applies to him since all of the felonies relied upon for sentencing him were not class D felonies. Though the two previous unrelated felonies were class D, the present case for which he is being sentenced resulted in three convictions for class B felonies. Thus, subsection (h) does not apply to the instant case. In addition, no error is presented by the failure to reduce Moredock's sentence pursuant to subsection (e). The sentence modifications provided there are permissive, not mandatory. Since at least one of the prior unrelated felonies was a class D felony, the court could have enhanced Moredock's robbery sentence for only twenty (20) years, rather than the

thirty (30) he received. As we have demonstrated, however, the trial court gave reasons for the sentence imposed which were within statutory terms and supported by the evidence.

The trial court is in all things affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.