Matthew **COURCHAINE**, Appellant,

v.

**STATE of Indiana**, Appellee.

No. 45S00–8806–CR–588.

Supreme Court of Indiana.

Aug. 22, 1989.

Marce Gonzalez, Jr., Appellate Div., Lake Superior Court, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant–Appellant Matthew Courchaine was convicted following a jury trial in the Lake Superior Court of the crime of Inducing or Causing a Burglary, a Class B felony, and was sentenced to a term of thirteen (13) years.

Courchaine was prosecuted pursuant to Ind.Code § 35–41–2–4 which provides as follows:

**Aiding, inducing, or causing an offense.**—A person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense. . . .

Courchaine's appeal is based on alleged error of the trial court in denying his Motion for Judgment on the Evidence at the close of the State's case and the claim that there was not sufficient evidence to sustain his conviction. Both issues are based on Courchaine's' contention that there was a deficiency of proof in that the only evidence linking Courchaine to the crime of burglary was the use of his vehicle. Courchaine claims the evidence revealed the burglary was committed by Larry Cavinder and Erick Jansen, that the choice of the particular residence to be burglarized was solely that of Cavinder and Jansen and that Courchaine's only involvement was to allow them to use his automobile because Cavinder's was inoperative. An examination of the transcript of evidence reveals that Courchaine was more involved in the commission of this burglary than those few facts would infer.

Both Cavinder and Jansen testified for the State pursuant to the granting of use immunity by the prosecuting attorney for their testimony. Jansen and Cavinder testified that on April 8 or 9, 1987, the three of them met at Courchaine's residence and discussed the commission of burglaries. Jansen and Cavinder had committed burglaries together prior to this time. The plans they made were that Jansen and Cavinder would commit burglaries and bring the items they obtained to Courchaine who would take these items to his cousin's home in the South Bend–Elkhart area. His cousin had a garage in which to store the stolen items and sources who could help them sell the items. Pursuant to this plan, Jansen and Cavinder committed a burglary in Starke County and brought the items to Courchaine's residence. Courchaine was to drive them to the scene of the burglary but did not go with them because he had a meeting with another person named Newman who was to help them dispose of stolen property. Since Cavinder's car was not operative, they drove Courchaine's car, committed the burglary and brought all of the stolen items to Courchaine's residence.

Cavinder and Jansen committed the burglary in question on April 12 at the home of Hugh Richardson, Sr., of Lake County. Several items were taken from this home, including a video recorder, two television sets, a small radio, and jewelry. Though evidence was in conflict, it appears Jansen and Cavinder picked this location to commit a burglary as they were driving by it; however, they were driving Courchaine's car at the time and they returned all of the items taken to Courchaine's residence. Courchaine was attempting to reach his cousin to arrange for delivery of the items from these two burglaries to his garage in northern Indiana, but all three of them were arrested before they had an opportunity to do so. Cavinder and Jansen were arrested when they were about to commit a third burglary to get high performance racing car parts. This burglary site was suggested by Courchaine as a place to get items that would be resaleable. Courchaine claims the evidence may have tended to show he "aided" Cavinder and Jansen in committing this burglary but that the State had not charged him with aiding. Instead, the State chose to bring charges of induc-

ing or causing a burglary. The State did attempt to amend the information just prior to trial by adding "aiding" but the trial court did not permit the amendment, claiming this would substantially change the nature of the charge because aiding contemplated a different type of proof than inducing or causing.

It is not necessary for us to decide what evidence is required to prove aiding as compared to or contrasted with that of inducing or causing. Our quest is the sufficiency of the evidence to support the conviction for inducing or causing. In *Harden v. State* (1982), Ind., 441 N.E.2d 215, *cert. denied* (1983), 459 U.S. 1149, 103 S.Ct. 794, 74 L.Ed.2d 998, Defendant Harden's accomplice, Jack Sater, testified that Harden was directly involved in the planning of the robbery, provided the shotgun which was used, gave directions to the victim's home, received the entire amount of money taken, subsequently divided this money among the participants and accepted one-fourth of it. The evidence showed that all of the participants planned to rob an elderly couple but Hardin remained·in the automobile and did not accompany them or participate in the crime. He was convicted of Robbery Resulting in Bodily Injury and claimed there was not sufficient evidence to support the jury's verdict. This Court held that an offense is committed whenever one intentionally or knowingly aids, induces, or causes that offense to be committed, citing Ind.Code § 35–41–2–4 under which Courchaine is charged here. We further held in *Harden* that concerted action or participation in a crime is sufficient for this purpose and conviction may be based upon the uncorroborated testimony of an accomplice. *Id.* at 219.

It was not necessary to prove that Courchaine physically took part in the commission of the burglary. *Moredock v. State* (1987), Ind., 514 N.E.2d 1247, 1249; *Harden*, 441 N.E.2d at 219. Had he taken part, of course, he could have been charged as a principal. The evidence indicated that this and other burglaries were part of a plan agreed to by Cavinder, Jansen and Courchaine to obtain items of property through the commission of burglaries and sell them. Courchaine's participation was that of providing a market for the items through his cousin in northern Indiana and others, including a man named Newman. The jury was justified in finding this to be an inducement or cause for Jansen and Cavinder to commit the burglaries. Their compensation was to be their share of the money when the items were sold. Evidence showing Courchaine's participation was the discussion and agreement precipitating the burglaries, the location of the scene of the third burglary at which Cavinder and Jansen were apprehended and which had been selected by Courchaine as containing valuable and saleable items, the use of Courchaine's vehicle, and the return of all of the items by Cavinder and Jansen to Courchaine's residence as planned. This evidence was sufficient to support the jury's verdict.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.