**William WARD, Appellant,**

**v.**

**STATE of Indiana, Appellee.**

**No. 45S00–8712–CR–1110.**

Supreme Court of Indiana.

Feb. 15, 1991.

Marce Gonzalez, Appellate Public Defender, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

The defendant, William Ward, was convicted of felony murder arising from the death of Joseph Brown following a grocery store robbery. After a habitual offender determination, the trial court imposed a sentence of 80 years. In this direct appeal, the defendant presents multiple issues, one of which, insufficiency of evidence to support the conviction, is determinative. This issue, although included in the amended motion to correct errors, was neither asserted nor argued in his initial appellant's brief. It was first urged on appeal in his reply brief.

■ The issue of sufficiency of evidence may be first raised on appeal even absent its inclusion in the motion to correct errors. *Hall v. State* (1980), 273 Ind. 425, 403 N.E.2d 1382; *Guardiola v. State* (1978), 268 Ind. 404, 375 N.E.2d 1105; *Collins v. State* (1977), 266 Ind. 430, 364 N.E.2d 750. However, where identified as an issue on appeal but not discussed with specific and cogent argument, this issue has been found to be waived. *Aron v. State* (1979), 271 Ind. 412, 393 N.E.2d 157; *Gosnell v. State* (1978), 268 Ind. 429, 376 N.E.2d 471; *May v. State* (1976), 265 Ind. 25, 349 N.E.2d 171.

A reply brief may not present new theories of appeal. *Ross v. State* (1982), Ind., 429 N.E.2d 942; *Rokvic v. State* (1924), 194 Ind. 450, 143 N.E. 357. Indiana Appellate Rule 8.3(A)(7) requires the initial brief of an appellant to specifically set forth and present argument applicable to each issue intended to be raised on appeal. The reply brief enables the appellant only to respond to the brief of the appellee. App.R. 8.3(C).

Notwithstanding these principles, this Court has on occasion reviewed the issue of sufficiency of evidence even absent proper presentation of the question on appeal. *See, Timmons v. State* (1986), Ind., 500 N.E.2d 1212 (insufficiency found although first raised in a "Citation to Additional Authority"); *Steelman v. State* (1985), Ind., 486 N.E.2d 523 (insufficiency found by this Court, *sua sponte* ); *Aron* (insufficiency not mentioned in briefs). In determining whether the failure to comply with the appellate rules constitutes a waiver, we consider whether the non-compliance is sufficiently substantial to impede our review of the issue. *Guardiola; Davis v. State* (1976), 265 Ind. 476, 355 N.E.2d 836. In the present case, meaningful review is possible.

In addressing the issue of sufficiency of evidence, we will affirm the conviction if, considering only the probative evidence and reasonable inferences supporting the verdict, without weighing evidence or assessing witness credibility, a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt. *Case v. State* (1984), Ind., 458 N.E.2d 223; *Loyd v. State* (1980), 272 Ind. 404, 398 N.E.2d 1260, *cert. denied*, 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

The evidence tending to support the verdict consists of the following facts. On the evening of December 1, 1984, Pay Low Foods at 901 E. 49th Street, Gary, Indiana, was robbed. An owner, Joseph Brown, was fatally injured. In exchange for a plea bargain providing for concurrent 17–year sentences on two counts of robbery while armed, Tracey Lee provided the only testimony linking the defendant to the crime. On the evening of the robbery, Lee asked the defendant to drive the two of them to the Miller section of Gary. Upon arriving, Lee went into a house and then asked the defendant to come in. One of the six other men present took the defendant to a back room out of sight and hearing of Lee and the others, who then looked at a diagram of the grocery store, discussed the robbery plan, and put away the diagram. The defendant then returned from the back room and was asked, "What kind of area was out there by 49th?" He replied that railroad tracks were nearby. The defendant then drove Lee and two other men to the vicinity of the Pay Low store. The only evidence regarding conversation during the trip was that one of the passengers asked the defendant about the railroad tracks, and that no one gave the defendant directions on where to go. The defendant dropped off his passengers at a parking lot and drove away. The others then arrived by separate car from which weapons and ski masks were distributed. These persons, including Lee, then committed the robbery.

In its prosecution of the defendant the State argued that he was criminally accountable because he aided, induced, or caused another person to commit the offense. Indiana Code § 35–41–2–4. The evidence will be sufficient to support a conviction on an accessory theory if the accomplice is shown to have acted in concert with those who physically committed the elements of the crime. *Moredock v. State* (1987), Ind., 514 N.E.2d 1247; *Fox v. State* (1986), Ind., 497 N.E.2d 221. A defendant's concerted action or participation in a crime, even if shown only by the uncorroborated testimony of an accomplice, may be sufficient to support a conviction. *Courchaine v. State* (1989), Ind., 542 N.E.2d 969; *Harden v. State* (1982), Ind., 441 N.E.2d 215, *cert. denied*, (1983), 459 U.S. 1149, 103 S.Ct. 794, 74 L.Ed.2d 998.

Upon careful examination of the record, we conclude that the evidence and reasonable inferences supporting the verdict are nevertheless insufficient to establish guilt, even upon an accomplice theory. There was no evidence that the defendant participated in, or was present during, the planning of the robbery. After dropping off his passengers near the Pay Low Foods store, the defendant departed. There was no evidence that he remained as a look-out, that he returned and aided the perpetrators in their escape from the scene, or that he received any of the proceeds of the robbery.

The evidence being insufficient, the conviction must be reversed and the defendant

discharged. *Cobbs v. State* (1988), Ind., 528 N.E.2d 62.

The trial court is reversed and the appellant is ordered discharged.

SHEPARD, C.J., and DeBRULER and KRAHULIK, JJ., concur.

GIVAN, J., dissents with opinion.

GIVAN, Justice, dissenting.

I respectfully dissent from the majority in this case. In support of its decision to reverse this case for lack of evidence, the majority cites the case of *Cobbs v. State* (1988), Ind., 528 N.E.2d 62. However, the factual situation in *Cobbs* is entirely different from that in the case at bar. In *Cobbs*, there was no question but that he had killed two men. His story was that the two men were attempting to rob him not realizing that he was armed, and he was successful in shooting both of them to thwart the robbery.

The State was unable to present any evidence whatever to the contrary. There we stated:

> "Because of the lack of evidence in this case to contradict appellant's statement of self-defense, and because there is a total lack of evidence to support any theory of the shooting other than appellant's explanation, this Court is compelled to reverse this conviction." *Id.* at 64.

We have an entirely different situation in the case at bar. At appellant's trial, Tracey Lee, one of the perpetrators of the robbery, testified pursuant to a plea agreement that appellant in fact was involved in the robbery. However, when the motion to correct error was filed, appellant appended thereto the affidavit of Lee which stated that he did not tell the truth at the trial and that appellant in fact was not involved in the robbery. The trial judge conducted a hearing on the motion to correct error and specifically addressed the subject of Lee's recanting affidavit. The trial judge found: 1). the affidavit was merely impeaching in character, 2). it was not worthy of credit, and 3). it would probably not produce a different result in a retrial of the case.

Thus, in the case at bar, we have a conflict of the evidence presented to the trial court. As stated in the majority opinion, a conviction may be based entirely upon the testimony of a codefendant. It was incumbent upon the trial judge upon the filing of Lee's recanting affidavit to weigh the evidence and to make a determination as to which factual situation was worthy of belief.

In situations of this sort, the trial court is in a far better position to make such a factual determination than are the members of this Court. It is improper for this Court to attempt to reweigh evidence submitted at the trial court level. *Alfaro v. State* (1985), Ind., 478 N.E.2d 670.

I would observe that the allegation that appellant was a habitual offender was not sustained and should be reversed. I would sustain appellant's conviction for murder in the perpetration of a felony but would remand the case to the trial court for the setting aside of the habitual offender enhancement and a resentencing of appellant accordingly.