KEVIN COLBERT A/K/A CHARLES COLE *v*. STATE OF INDIANA.

[No. 177S38. Filed May 31, 1978.]

*Dock McDowell, Jr.,* of Gary, for appellant.

*Theodore L. Sendak,* Attorney General, *Terry G. Duga,* Deputy Attorney General, for appellee.

GIVAN, C.J.—The appellant was charged by indictment with two counts of first-degree murder. He was found guilty of murder in the perpetration of a robbery and second-degree murder. He was sentenced to a life term as to count I, the second-degree murder verdict being considered as merged in count I for sentencing purposes.

The sole allegation of error is that there was insufficient evidence to support the verdict. When reviewing a case for sufficiency of the evidence we do not weigh the evidence or determine the credibility of the witnesses. We will sustain a conviction if the record demonstrates substantial evidence of probative value on each element of the offense charged. *Pulliam* v. *State,* (1976) 264 Ind. 381, 345 N.E.2d 229; *Henderson* v. *State,* (1976) 264 Ind. 334, 343 N.E.2d 776.

The evidence most favorable to the State reveals that on September 11, 1975, the appellant entered the Playboy Lounge in Gary, Indiana, with four or five other men. He took a pistol from a Cynthia Perry at gunpoint. Perry testified that the appellant then lined all of the patrons of the lounge against a wall and ordered that no one move. She stated that the decedent moved and was shot by the appellant. The appellant testified that the decedent grabbed him and that during the ensuing altercation, the handgun had discharged, thereby frightening the decedent away. He maintained that he did not shoot the decedent but that he had heard a second shot immediately after he and the decedent broke from their struggle. One of appellant's companions testified that he heard two shots. The State's

pathologist testified that on autopsy he found a five-millimeter bullet wound in the right forearm. This was an entrance wound. He said the bullet travelled through the forearm and exited leaving a seven-millimeter wound. There was a corresponding seven-millimeter entrance wound into the decedent's abdominal cavity, where the bullet travelled in a downward direction severing the aorta, which caused the death of the decedent. The bullet was recovered lodged in the flesh in the pelvic region of the decendent. The pathologist was questioned as to whether or not these wounds could have been caused by two separate bullets. He stated however that in his medical opinion the wounds were caused by a single bullet. The jury had the opportunity to weigh the testimony of the witnesses and to determine the credibility of those witnesses. Even though the circumstances surrounding the shooting could conceivably have supported a theory of a second shot, it also clearly supports the verdict that the single shot fired by the appellant was the cause of the decedent's death. The appellant had completed a robbery when he took a gun from Cynthia Perry. Therefore, we hold there is sufficient evidence in this record from which the jury could reasonably find that the appellant was guilty as charged in count I, that is, murder in the perpetration of a robbery.

The trial court is affirmed.

DeBruler, Hunter, Pivarnik and Prentice, JJ., concur.

NOTE.—Reported at 376 N.E.2d 485.