Kevin COLBERT, Appellant,

v.

STATE of Indiana, Appellee.

No. 283S41.

Supreme Court of Indiana.

Dec. 26, 1984.

Frank E. Spencer, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Lee Cloyd, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of Murder in the Perpetration of a Robbery and Second Degree Murder. This Court affirmed that conviction on May 31, 1978. *Colbert v. State*, (1978) 268 Ind. 451, 376 N.E.2d 485. Appellant subsequently filed a petition for post-conviction relief, which was denied by the trial court on April 13, 1982.

Appellant claims the trial court erred in denying his petition for post-conviction relief, in that his trial counsel and counsel on his original appeal did not perform effectively. He claims his only viable contention in defense was that there was not evidence of substantial probative value that the man he shot in fact died or if he did die what the cause of death was.

He claims that although the record in the case demonstrates a lack of proof as to the homicide, his appellate counsel failed to raise these questions and, in fact, made the following statement in the appellate brief: "The fact that there did occur a murder on September 11, 1975, cannot be denied. The decedent Taylor was shot and pronounced dead shortly after arrival at the hospital." It is appellant's position that such a statement by counsel should not have been made in view of the record in this case, and that the making of such statement rather than arguing the points in question amounted to ineffective assistance of counsel.

We have examined the record in this case and find the following evidence. On the night in question appellant and several other persons were gathered in a club in Gary, Indiana, where they were drinking beer and shooting pool. For some reason, not clear from the record, appellant and a Mr. Gant, who was the owner of the club, engaged in an altercation resulting in appellant knocking Mr. Gant to the floor with a gun he was holding in his hand. At that time the decedent, James Taylor, who was a friend of the appellant, grabbed appellant from the rear, apparently in an attempt to restrain him. A witness, Savoy Ivory, testified that at that time the appellant turned around and shot Taylor. He further testified that appellant stated that he was sorry.

Ivory and David Coutee transported Taylor to the hospital. Ivory testified that Taylor was alive when they arrived, but shortly thereafter "they", without describing who "they" were, informed him that Taylor had died. Ivory identified State's Exhibit No. 1 as a photograph of James Taylor. State's Exhibit No. 1 is a photograph of Taylor following his death. Dr. Indra Somani testified that on September 11, 1975, he performed an autopsy on the body of a James Taylor and found that the man had died of a gunshot wound. He stated that the bullet causing death had entered the decedent's abdomen and, among other injuries, had lacerated the abdominal aorta.

Appellant raises the question that police officer Douglas had testified that the bullet he received from the coroner's office was removed from the decedent's chest. It is the prerogative of the jury to weigh conflicting evidence; however, in view of the detail with which Dr. Somani testified, it was entirely reasonable for the jury to assume that officer Douglas was merely mistaken in his statement concerning the removal of the bullet from the decedent's chest.

Although the evidence in this case might have been presented in a more orderly manner, it is obvious the prosecuting attorney was having great difficulty due to the reluctance of some of the witnesses to

testify and their inability to articulate their thoughts. However, when taken as a whole, the evidence is sufficient to support the jury's verdict of guilty. We therefore do not view the appellant attorney's statement in the original appeal above quoted to be indicative of inadequacy of counsel.

 In addressing the issue of inadequacy of counsel, this Court indulges a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Elliott v. State,* (1984) Ind., 465 N.E.2d 707. Appellant must show that his counsel made errors so serious that he was not functioning as counsel guaranteed by the Sixth Amendment of the United States Constitution and that such deficient performance deprived him of a fair trial. *Id.* at 710, citing *Strickland v. Washington,* (1984) —— U.S. ——, ——, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693.

Upon the examination of the entire record, we find that appellant has not overcome the strong presumption that counsel's conduct was of reasonable, professional assistance. The trial court did not err in denying appellant's petition for post-conviction relief.

The trial court is in all things affirmed.

All Justices concur.