Raymond E. HARRIS, Appellant,

v.

STATE of Indiana, Appellee.

No. 45S00–8606–CR–549.

Supreme Court of Indiana.

Feb. 9, 1988.

Diane McNeal, Appellate Div., Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of appellant of Burglary, a Class A felony, for which he received a sentence of twenty (20) years.

The facts are: On March 8, 1985, at approximately 8:15 p.m., Marie Smith returned to her residence located in Gary, Indiana. Before entering her home, she removed a handgun from her purse. She had turned on the kitchen light before she left home. As she entered, she turned on the living room light, then the bathroom light, and then the light to her bedroom. As she opened the door to her spare bedroom and reached for the light switch, a man jumped out of the room and struck her on the head with an unidentified object. The wound on her head required three to four stitches to close. When the man first jumped at Smith, she fired a shot. A sec-ond shot was fired as she struggled with the intruder. Eventually the intruder wrested the gun from her and fled.

Police were summoned and Smith was taken to the hospital to close the wound in her head. Smith told the police that as she struggled with her assailant she noticed he was bleeding. While Smith was at the hospital for treatment of her wound, it was discovered that appellant was also there for treatment of a gunshot wound. Smith was shown appellant's drivers license and identified the picture as being one of her assailant. She later identified appellant in a police photographic array.

Appellant claims the trial court erred in failing to give two verdict forms to the jury. The jury was given a verdict form for Burglary, a Class A felony. Appellant now claims the jury should have been given two verdict forms, one for Burglary, a Class A felony, resulting in bodily injury and another for Burglary, a Class A felony, resulting in serious bodily injury. However, the statute defining burglary, Ind.Code § 35-43-2-1, reads in pertinent part as follows:

"However, the offense is ... a Class A felony if it results in either bodily injury or serious bodily injury to any person other than a defendant."

We fail to see what possible advantage appellant would have gained by two such instructions. The statute makes the crime a Class A felony if either bodily injury or serious bodily injury occurs. It is obvious from the facts in this case that Smith was injured. The point is entirely immaterial as to how serious her injury was. In any event, the crime was Burglary, a Class A felony, under the definition of the statute. The instruction given by the court was sufficient. There was no reason for the jury to be instructed on other than Burglary as a Class A felony.

Appellant claims the trial court erred in denying his motion for a directed verdict and also claims that the verdict is not supported by sufficient evidence. Appellant recognizes that this Court will not reweigh the evidence on appeal. Neverthe-

less, he claims that where an issuable fact is not sufficiently proven such that no reasonable man could find that appellant was guilty, this Court should reverse the conviction. He cites *Easton v. State* (1967), 248 Ind. 338, 228 N.E.2d 6.

Appellant contends the testimony of the victim is suspect because, he claims, there was insufficient light at the scene for the victim to be able to identify her assailant. However, the victim testified that she had turned the lights on in the other rooms of the house and the only dark room was the room from which appellant emerged as he attacked her. She testified that there was ample light for her to see her assailant. She testified she did not know him but recognized him as a person she had seen in the neighborhood.

Appellant also makes an issue of the fact that the victim wore glasses when she drove an automobile but was not wearing them at the time of the attack. However, she testified that she did not need glasses to see objects at close range or to read, and she could see appellant well enough to identify him. The victim also identified pictures of appellant as her assailant and made an in-court identification. All of these were matters properly placed before the jury for their deliberation and resolution. *Colbert v. State* (1984), Ind., 471 N.E.2d 1109.

There is ample evidence in this record to support the verdict of the jury. The trial court is affirmed.

SHEPARD, C.J., and PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., concurs in result without separate opinion.